## Keeler *against* Neal.

A justice of the peace of one county may issue an execution upon a certified transcript of a judgment on the docket of a justice of the peace of another county in all cases when the latter might legally have issued one.

A misrecital in the body of an execution does not render it void, nor will a constable be a trespasser in executing it : he will be justified under the provisions of the act of the 21st of March 1772.

An accord must appear to be advantageous to the party, or it can be no satisfaction ; therefore in trespass for taking plaintiff's cattle, it is no good plea to say, there was an accord that the plaintiff should have his cattle again.

ERROR to the common pleas of *Bradford* county.

Titus Neal brought this action of trespass against Samuel F. Keeler, before a justice of the peace, to recover damages for seizing and taking away a mare belonging to him ; and it came into the court of common pleas by appeal. The defendant pleaded "not guilty, and accord and satisfaction ;" a verdict passed for the plaintiff for 70 dollars.

It appeared in evidence, that Hyde, a constable of Pike township, *Bradford* county, in company with Keeler, who acted as his assistant, took from Neal a mare which had recently belonged to one Adna Hawley, of Susquehanna county, and was then in Neal's possession under an alleged purchase from Hawley. The defendant justified by virtue of two executions against Hawley, delivered to Hyde, which had been issued by Irad Stephens, a justice of the peace of *Bradford* county, one at the suit of Hitchcock and Curtis, the other at the suit of the defendant Keeler. These *executions* recited, respectively, judgments recovered by *the* plaintiffs against Hawley on the day preceding—in the suit by Hitchcock and Curtis, "before E. Kingsbury, Esq., one of the justices of the peace in and for said county,"—in the suit by Keeler, "before J. W. Raynsford, one of the justices of the peace in and for said county," and were returned satisfied by the sale of the mare and of cattle belonging to Hawley. By the transcripts of these judgments, it appeared that Kingsbury and Raynsford were justices of the peace of Susquehanna county.

The defendant offered in evidence the deposition of John J. Hyde, to prove that the parties had settled the matter by Keeler giving up the mare and Neal discontinuing his suit. The court rejected the deposition.

The principal errors assigned, are in the rejection by the court below of the evidence offered by the defendant, consisting of the transcripts of judgments and the executions thereon, and the deposition of Hyde.

, [Keeler v. Neal.]

*Jessup*, for plaintiff in error, cited, Keck *v.* Applebaugh, 2 *Penns. Rep.* 465, to show that the transcript and execution should have been received in evidence.

*Williston*, contra, contended, that it appeared upon the face of the execution that the justice had no authority to issue it, and the constable was bound to know it.

The opinion of the Court was delivered by

SERGEANT, J.—By the sixteenth section of the act of the 20th of March 1810, it is made the duty of a justice of the peace, in case of resignation or removal from office, and of his legal representatives, in case of his death, to deliver his docket, together with all notes, bonds, accounts and papers, in his possession, touching any judgment or suit entered thereon, to the nearest justice of the county. Provided, that if he or they choose to retain the docket, a certified transcript of any judgment or proceeding in any suit, is to be delivered, on demand, to the party interested, under a penalty of 100 dollars; and the justice to whom the docket or transcript is delivered is directed to issue process, and proceed thereon in the same manner and with like effect as the justice so having died, resigned or been removed, might have done if he had remained in office. By section seventeen, if the party does not reside in the county where the judgment is had against him before a justice of the peace, the person in possession of the docket in which such judgment is entered, on application of the plaintiff or his agent, is to make out and certify and deliver to such applicant a transcript thereof, and also deliver all evidence in his possession connected therewith, for the fee of 25 cents, for the recovery of the amount thereof, with costs, before any justice of the peace in any county where the defendant may reside or can be found, as in cases originally brought before him; and the stay of execution is to be counted from the original entry.

The delivery of the transcript of a judgment is, by these provisions, a full authority to proceed in the suit by issuing an execution, wherever the first justice might have done so: and the evidence offered ought therefore to have been received. This point has been already declared by this court in Keck *v.* Applebaugh, 2 *Penns. Rep.* 465, where it is said, that the object of the act was not to originate another action for the same cause in which the existing judgment might be evidence of indebtedness, but to have execution of the existing judgment itself, as in cases originally brought before the justice, who might therefore issue execution on it without the precaution of a *scire facias*, although that be a very proper measure.

It is contended by the plaintiff, that the authority of the justice to issue an execution ought to appear on its face; and that as the executions do not recite the circumstances required by the act of assembly to found the process, they furnish no justification to the constable, but are absolutely void. If, however, the requisite circumstances

II.—3 D

· [Keeler v. Neal.]

did exist, an omission to set them forth in the execution, or a mistake in their recital, would be only an irregularity, which would not render the process void, or affect the right of the officer and his assistant to justify under it.   Nor, if it were even void for defect of jurisdiction, would that result follow under the provisions of the sixth section of the act of the 21st of March 1772, for indemnifying constables and others acting in obedience to their warrants.

· The deposition of Hyde, the constable, was offered in support of the plea of accord and satisfaction, put in by the defendant on the trial.   This deposition states, that the mare being removed by the constable to another place and advertised for sale, there was an arrangement entered into between Keeler, for himself and Hitchcock and Curtis and Neal, that Keeler would release the mare to Neal, and, as deponent understood it, Neal was to relinquish his suit against Keeler.   Hyde further stated, that the mare was sold under two other executions which he had in his hands against Hawley, by virtue of which he had previously made a levy.   An accord must appear to be advantageous to the party, otherwise it can be no satisfaction : therefore in trespass for taking plaintiff's cattle, it is no good plea to say there was an accord that the plaintiff should have his cattle again, for this is not any satisfaction.   1 *Bac. Ab.* 22.   And the mare not being even delivered up to the plaintiff, it was idle to pretend that there was any satisfaction.   The deposition was properly rejected ; but for the other errors, the judgment must be reversed.

Judgment reversed, and *venire facias de novo* awarded.