# In the Court of Common Pleas of Schuylkill County.

## KIRKPATRICK *v.* WENSEL.

Where suit is brought on a promissary note, an affidavit of defence which alleges a payment by the defendant of part of the amount, and that thereupon the plaintiff agreed to cancel and surrender the note, is not sufficient.

**Rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.**

Opinion delivered Dec. 14, 1874, by

PERSHING, P. J. The defendant who is sued as the endorser of a negotiable note, sets forth in his affidavit of defence, that he "paid at two several times upon the said note the sum of one hundred dollars, and upon the payment of this sum the plaintiff agreed that the said note should be cancelled and given up to defendant," and that the plaintiff, though since requested by the defendant has "ever since refused to give up said note, according to contract." The plaintiff is willing to admit the payment of the one hundred dollars stated in the affidavit, but claims that the allegations therein contained do not amount to a defence for the balance alleged to be due on the note in controversy.

When this application was first before us we continued it to enable the defendant to fill a supplemental affidavit. This has not been done, and we must dispose of the question as it is presented in the affidavit of defence filed.

The affidavit is not explicit. Whether the one hundred dollars or any part of it, was paid before the maturity of the note, does not appear. No dates are given. It is not stated whether the payment of part of the note, was the consideration for the alleged agreement of the plaintiff to cancel it and give it up.

A defendant is taken to state his case most favorably for himself.

A principal test of the sufficiency of an affidavit of defence is to consider it as a plea in substance, divested of all the formal or technical parts. Treating this affidavit as a plea of accord and satisfaction, its defects are made manifest by a reference to a few of the very many authorities on the subject.

The accord and satisfaction must be advantageous to the creditor. He must receive from it a distinct benefit which otherwise he would not have had. Thus it is settled that a mere receipt by a creditor of part of his debt then due, is not a good defence by way of accord and satisfaction, to an action for the remainder, although the creditor agreed to receive it in full satisfaction—2 Pars. Con. 199, and note; 2 Greenleaf's Ev. § 28.

This is held not to apply to the compromise or settlement of a claim, if the amount is disputed.

It is reasonable that when the transaction, as alleged by the debtor, implies the creditor's having given up some right of action, or abandoned a claim on any individual, without any apparent advantage to himself. clear and full proof shall be made.    It seems to be reasonably well settled by the American cases that the giving and accepting of a smaller sum of money in payment or satisfaction of a larger one due, is not a valid discharge, and cannot be pleaded either as payment, or as accord and satisfaction, 1 Smith's Lead. cases (Ed. 1844) 257.    Neither the payment of an inferior for a greater sum, nor the acceptance of a less sum in money than the amount due, is good.    Diller vs. Brubaker, 2 P. F. S. 498 ; Savage vs. Everman 20 P. F. S. 305.    Giving what was really the creditors own before is bad as an accord and satisfaction, because there is no valid consideration for the accord ; Keeler v. Nealy 2 Watts, 424.    "There must be some consideration," said Lord Ellenborough in Fitch v. Sutton, 5 East, 230, "for the relinquishment of the residue, something collateral, to show the possibility of benefit to the party relinquishing his further claim, otherwise the agreement is *nudum pactum.*"    As the case before us stands, the receiving of a smaller sum of money in payment of a greater, can be of no advantage to the plaintiff ; and the requiring the payment of all he contracted to pay, is no injustice to the defendant.

If it is intended by the affidavit to allege a release on the part of the plaintiff of the balance payable on the note, it is not stated in terms to make it effective as a defence.    Such a release must be under seal.

If the obligee or feoffee do at the day receive part, and thereof make an acquittance *under his seal,* in full satisfaction of the whole, it is sufficient, by reason the deed amounteth to an acquittance of the whole : 1 Sm. L. Cases, 250.    Payment of part of a debt, though received in satisfaction of the whole, if without a release under seal, will not have the effect of extinguishing the whole : Hartman vs. Danner, per Sharswood J ; 24 P. F. S. 36.

In deciding this case we have confined ourselves strictly to the principles of the law applicable to contracts for the payment of a sum of money, where the defence set up is a release or discharge of the debtor by the payment of money in amount less than he contracted to pay.

And now, Dec. 14, 1874, judgment in favor of the plaintiff for want of a sufficient affidavit of defence, for so much as may be found due after deducting the sum of one hundred dollars heretofore paid, as set forth in said affidavit, and admitted by the plaintiff.    The amount of the judgment to be liquidated by the prothonotary, on five days notice.