## Katch, Appellant, *v.* Benton Coal Company.

*Justice of the peace—Jurisdiction—Judgment as basis for action.*

A justice of the peace has no jurisdiction to entertain an action at common law upon the judgment of another justice of the peace. A debt due on a judgment is not a cause of action "arising from contracts either express or implied," within the meaning of the act of March 20, 1810.

*Justice of the peace—Corporations—Additional liability of stockholders—Jurisdiction of justice — Acts of April 29, 1874, sec. 14, P. L. 73, and April 17, 1876, sec. 3, P. L. 30.*

The additional liability imposed upon the stockholders of a corporation under the provisions of the Act of April 29, 1874, sec. 14, P. L. 73, as amended by the Act of April 17, 1876. sec, 3, P. L. 30, in favor of mechanics and laborers, is purely statutory in character, and is not a debt, "arising from contract either express or implied," within the meaning of the act of March 20, 1810, conferring civil jurisdiction on justices of the peace.

Argued Nov. 1, 1901. Appeal, No. 125, Oct. T., 1901, by plaintiffs, from judgment of C. P., Centre Co., Jan. T., 1900,

No. 109, for defendant non obstante veredicto, in case of Mike Katch et al. to use of Blubaker Coal Company v. The Benton Coal Company and G. Murray Andrews.   Before RICE, P. J., ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Appeals from justices of the peace.   Before LOVE, P. J.

The opinion of the Superior Court states the case.

Verdict for plaintiff for $1,370.08, subject to questions of law reserved.

*Error assigned* was in entering judgment for defendants non obstante veredicto.

*Ellis L. Orvis*, with him *Calvin M. Bower*, for appellants.— Whatever the laws order anyone to pay, that becomes instantly a debt which he hath beforehand contracted to discharge: 3 Blackstone's Com. 159; Hertzog v. Hertzog, 29 Pa. 465; Hollingsworth on Law of Contracts, 10; McConahy v. Courtney, 7 Watts, 491; Breinig v. Meitzler, 23 Pa. 156; Fulton County v. Tate, 47 Pa. 532.

The liability of the stockholder is not a penal one in any sense but arises directly out of his relationship as a stockholder in the corporation which employs the laboring man: Cunningham v. Fourth Baptist Church, 159 Pa. 620.

*John Blanchard*, with him *Edmund Blanchard*, for appellees. —The justice had no jurisdiction: Hill v. Tionesta Township, 129 Pa. 525; Zeigler v. Gram, 13 S. & R. 102; Hertzog v. Hertzog, 29 Pa. 465; Moore v. Wait, 1 Binney, 219; Owen v. Shelhamer, 3 Binney, 45; Wright v. Guy, 10 S. & R. 227; Collins v. Collins, 37 Pa. 387; Peter v. Schlosser, 81 Pa. 439; Deihm v. Snell, 119 Pa. 316; Keener on Quasi Contracts, pp. 12, 13; Dusenbury v. Speir, 77 N. Y. 144; O'Brien v. Young, 95 N. Y. 428; Gutta Percha & Rubber Mfg. Co. v. Mayor, etc., 108 N. Y. 276; Montgomery v. Poorman, 6 Watts, 384; Com. v. Reynolds, 17 S. & R. 367; Schaffer v. McNamee, 13 S. & R. 44; Seitzinger v. Steinberger, 12 Pa. 379; Wilson v. Long, 12 S. & R. 58; Dreisbach v. Price, 133 Pa. 560; Pittsburg v. Daly, 5 Pa. Superior Ct. 528; Ellsworth v. Barstow, 7 Watts, 314; Kline v. McKee, 46 Pa. 519; Eason v. Smith, 8 S. & R. 343.

OPINION BY W. D. PORTER, J., March 14, 1902:

Twenty-seven actions of assumpsit were brought, by as many legal plaintiffs but all to the use of the Blubaker Coal Company, against the defendants before a justice of the peace of Centre county. The justice entered judgment in each of the cases against the defendants, who appealed to the court of common pleas. The legal plaintiff in each of the appeals was a different individual, but the Blubaker Coal Company was the equitable plaintiff in all of the cases, which all presented the same questions. By an agreement between the parties, with the approval of the court, all the appeals were consolidated and tried in the court below as one action. At the trial in the common pleas the only evidence offered by the plaintiff which would have warranted the submission of the question of the liability of either of the defendants to any one of the legal plaintiffs, for any amount whatever, was the docket of Anthony Anna, a justice of the peace of Cambria county. That docket showed that each one of the twenty-seven present legal plaintiffs had brought an action for wages against the Benton Coal Company before the justice of the peace in Cambria county, and that judgments had been entered against the defendant in said actions in amounts which corresponded, respectively, with the amounts of the several judgments entered by the justice of the peace in Centre county in the subsequent actions in which the appeals, here consolidated, had been taken. It was proved that all of these Cambria county judgments had been assigned to the Blubaker Coal Company, and it was admitted that G. Murray Andrews was a stockholder in the Benton Coal Company to an amount in excess of the aggregate of these claims. The defendants having made an offer of evidence which was rejected, introduced no testimony. The learned judge of the court below instructed the jury to find a verdict in favor of the plaintiffs in the sum of $1,370.08, formally reserving the questions of law raised by two points presented on behalf of the defendants. The points reserved were: "1. There is no jurisdiction in the justice of the peace in these cases nor in the common pleas on appeal, and the verdict must be for the defendants and the jury is instructed so to find." "5. Under all the evidence the plaintiff cannot recover and the verdict must be for the defendant."

The first point squarely raised the question of the jurisdiction of the justice of the peace of Centre county over such a claim as that established by the undisputed evidence of the plaintiff.  While the form of the reservation of the question arising under the fifth point of the defendant might be the proper subject of criticism, the facts being undisputed we are free to disregard the mere form and consider the substance of the reservation.  The question reserved under that point really was : " Is there any evidence which would entitle the plaintiff to recover ? "  The only evidence presented by the plaintiff of liability on the part of the defendants was the judgments which had been entered by the justice of the peace in Cambria county.  The statutes limiting the jurisdiction of a justice of the peace are not left behind when the case comes into the common pleas by appeal, but are to be applied by the judge in the same manner as by the justice.  If the justice had not jurisdiction of the cause of action, or the contract or demand, the court of common pleas will not have it after an appeal. The forum is changed by the appeal but the cause of action remains the same.  " It is true that for certain purposes a trial in the common pleas after an appeal from the justice is de novo, but it is nevertheless a trial of the same case, the mechanical work of the trial, such as the formation of the proper issue, the production of the testimony and the decision of the questions involved is de novo, but the cause of action remains the same:"Deihm v. Snell, 119 Pa. 316.  It is clear that in the appellate court the appellee cannot substitute another and a different claim : Wright v. Guy, 10 S. & R. 227.  The act of March 20, 1810, in conferring civil jurisdiction on justices of the peace restricted it to " all causes of action arising from contract, either express or implied ; and by the course of decisions on this point it is held that these words embrace causes of action arising immediately out of a course of dealing between the parties, and not that sort of contract which arises remotely from the compact of government."  A debt due on a judgment cannot be said in legal phraseology to be a debt arising on a contract; it is a sum of money due by a decree of a court or magistrate.  An action will not lie before a justice of the peace for the balance due on a judgment in the court of common pleas (Eason v. Smith, 8 S. & R. 343) ; nor on an action aris-

ing on a judgment of a justice of the peace of another state, in the absence of express statutory authority: Ellsworth v. Barstow, 7 Watts, 314. Suit does not lie before a justice of the peace for the balance due on a judgment before another justice except in the particular form prescribed by the act of March 20, 1810: Commonwealth v. Reynolds, 17 S. & R. 369; Kline v. McKee, 46 Pa. 519. The act of 1810 provided for but two cases in which one justice could proceed upon the transcript of another; section 16 made provision for the case of the resignation, removal from office or death of the justice by directing the delivery of his docket to the nearest justice of the county, or in case the docket was retained the certification of transcripts thereof to other magistrates, who are empowered to issue process thereon; section 17 made provision, in certain cases, for the delivery of certified transcripts "for the recovery of the amount thereof, with costs, before any justice of the peace in any county where the defendant may reside or can be found, as in cases originally brought before him." The 16th section can have no application to this case. The provisions of the 17th section have been frequently discussed and their meaning judicially determined; "it is clear, then, that the object was not to originate another action for the same cause in which the existing judgment might be evidence of indebtedness, but to have execution of the existing judgment itself, as in cases originally brought before the justice, who might therefore issue execution on it without the precaution of a scire facias, although that may be a very proper measure:" Keck v. Appleback, 2 P. & W. 465; Keeler v. Neal, 2 Watts, 424. "From this view it is obvious that a justice has no jurisdiction to entertain an action at common law upon the judgment of another justice:" Koons v. Headley, 49 Pa. 168. The plaintiffs having first obtained their judgments before a justice of the peace in Cambria county originated another action for the same cause, in which they used the existing judgment as evidence, and as the only evidence, of indebtedness. This is the very thing which the cases cited hold was not warranted by the provisions of the act of 1810. The cause of action established by plaintiffs' evidence was one of which the justice of the peace had no jurisdiction, and there was no error in the entry of the judgment in favor of the defendants non obstante veredicto.

Another objection to the jurisdiction of the justice of the peace is found in the nature of the liability sought to be enforced against the defendant Andrews. The Benton Coal Company was incorporated under the provisions of the Act of April 29, 1874, P. L. 73, and these actions were brought for the purpose of enforcing the individual liability of a stockholder imposed by the 14th section of that act as amended by the Act of April 17, 1876, P. L. 30, section 3. The special, limited and restrained form of liability imposed upon stockholders by this legislation is in the nature of a penal obligation for dereliction of duty or an additional personal monetary duty imposed upon stockholders in favor of mechanics and laborers, out of consideration for the meritorious character of their claims. This liability is purely statutory, having no existence outside of the legislation, and whenever it is invoked it must be enforced in the very manner prescribed by the other portions of the act: Brinham v. Wellersburg Coal Company, 47 Pa. 43; Hoard v. Willcox, 47 Pa. 51; Mansfield Iron Works v. Willcox, 52 Pa. 377; Appeal of Means, 85 Pa. 75; Lane's Appeal, 105 Pa. 49. The nature of the liability imposed upon stockholders by legislation of this character was considered by the Supreme Court in Dreisbach v. Price, 133 Pa. 560. In that case one of the stockholders was a married woman and sought to escape liability upon the ground of her coverture, the contention was held not to be well founded, the court saying: "But the liability is one created by statute, and a married woman who holds shares of stock in such a corporation takes it cum onere, subject to whatever responsibility the law imposes upon the stockholders of such shares. She is as much liable to creditors, in such case, as she would be liable for taxes upon her real estate. In either case the liability is purely statutory and arises from no contractual relation, but solely from the possession and ownership of the property." If, therefore, Andrews was individually liable for these claims, that liability did not arise from contract, express or implied, and the justice had no jurisdiction of the action as to him.

The judgment is affirmed.