# Commonwealth ex rel. *v.* The Reliance Safe Deposit & Trust Co., Appellant.

*Constitutional law—Titles of acts—Act of April 23, 1909, P. L. 143—Corporations—Banking corporations—Forfeiture of charters.*

1. The Act of April 23, 1909, P. L. 143, providing for proceedings against certain corporations to have their charter rights declared null and void, is constitutional. Notice given in the title of an act, that corporations which have not commenced business within two years of the date of their letters patent shall be proceeded against for the purpose of having their charters forfeited, is sufficient notice of a provision in the enacting part of the statute that corporations "which have not paid in the capital required by law, and have not in any manner exercised the powers conferred upon them by their letters patent," will also be proceeded against. A corporation which has not paid in its capital as required by law, and which has not in any manner exercised the powers conferred upon it by its letters patent, cannot in any proper sense of the word be said to have commenced business.

2. The assignee of a bank which, after a change of name, had been operated under a special charter granted to another banking company, sold the charter for $10. The purchaser and his associates undertook to reorganize the company, and without the payment of any cash into the treasury, issued to themselves paid up capital stock to the amount of $200,000. It was conceded that the bank had been liquidated. *Held,* the attempt of the reorganizers to capitalize the franchise or to do business in the manner indicated was a mere farce and their action was a nullity. The fact that they had held annual meetings and elected officers made no

difference, and a judgment of ouster entered at the suit of the Commonwealth was sustained.

Argued May 27, 1913. Appeal, No. 28, May T., 1913, by defendant, from decree of ouster of C. P. Dauphin Co., Com. Docket, 1912, No. 5, in case of Commonwealth of Pennsylvania, ex rel. John C. Bell, Attorney General, v. The Reliance Safe Deposit & Trust Company, Pittsburgh. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Quo warranto to forfeit charter of a corporation.

McCARRELL, J., filed the following opinion:

The suggestion for the writ in this case is based upon information of the banking commissioner to the attorney general, communicating to him the fact that "The Reliance Safe Deposit and Trust Company, Pittsburgh, which had the right to receive deposits of money has not paid in the capital required by law and has not exercised the powers conferred upon said company by its letters patent." This suggestion was amended by adding thereto the allegation that the defendant company "has failed to exercise its corporate privileges for two years after having been liquidated."

The facts are not in dispute and are covered by the following statement:

1. The corporate existence of the defendant company was originally derived from an Act of the General Assembly, approved April 5, 1872, P. L. 972, which incorporated it as "The Safe Deposit and Trust Company of Wheatland."

2. By proceedings in the Court of Common Pleas, No. 1, of Allegheny County, Pa., to No. 947 March Term, 1873, the corporate name was changed to "Penn Bank" and notice of the change of name was given to and accepted by the Auditor General under his hand and official seal February 7th, 1873.

3. The Penn Bank made a voluntary assignment for

benefit of its creditors, and proceedings thereunder were docketed in the Court of Common Pleas, No. 1, of Allegheny County, Pa., to No. 23, September Term, 1884, and William K. McGinness, assignee, sold the corporate franchises, rights and property of said bank to Samuel B. Hartwell, and conveyed the same by bill of sale, dated and delivered May 14th, 1904.

4. Samuel B. Hartwell, the purchaser of said corporate rights and franchises, together with the persons for and on whose account the aforesaid property, franchises and rights were purchased, after having given due public notice as required by law, met in the City of Pittsburgh, June 6th, 1904, and proceeded to organize a new corporation upon the basis of the aforesaid purchase in accordance with the Act of April 8, 1861, and the supplementary Act approved May 25, 1878, as also under the several acts supplementary to and amendatory of the said Act of May 25, 1878.

5. On June 18, 1904, the certificate of the organization of said new corporation was filed with the secretary of the commonwealth, setting forth,

(a) That the name adopted by the said corporation is the Reliance Safe Deposit and Trust Company;

(b) That the amount of the capital stock is fixed at $200,000.00, divided into 4,000 shares of the value of $50.00 each.

(c) That 4,000 shares of the par value of $50.00 each, making $200,000.00 of the capital stock, to be deemed and taken as full paid stock are to be issued to the persons for and on whose behalf said property, franchises and rights were purchased in payment for their respective interests in the same.

The certificate of organization also gives the name of the president and directors of the corporation chosen to serve until the first Monday of May, A. D. 1905.

The testimony taken at the hearing shows that an election for president and directors was duly held at the proper time in May, 1905, and that annual elections

have been regularly held since that time, a president and directors being chosen by the stockholders. Nothing, however, has been done except to hold these annual meetings of stockholders.

It further appears that the price paid by Samuel B. Hartwell for the property, rights and franchises purchased by him at the assignee's sale, above mentioned, was $10.00. It was upon the property so purchased by Samuel B. Hartwell that the organization of the defendant company was effected. The stock was issued in accordance with the terms of the certificate of organization hereinbefore mentioned. The defendant company has received no additional subscription to its capital stock and no money has been paid in by the persons on whose account the property and franchises were purchased, as above stated.

The defendant company contends that the Act of April 23, 1909, P. L. 143, under which this proceeding is instituted, is unconstitutional for the reason that its subject is not clearly expressed in the title as required by Article III, Section 3. It suggests that the words "which have not commenced business within two years from the date of their letters patent" are not contained in the enacting clause, and that the words "which have not paid in the capital required by law and have not in any manner exercised the powers conferred upon them by their letters patent" are not clearly expressed in the title. The title is as follows: "An Act to provide that corporations of this Commonwealth having the right to receive deposits of money and to do a banking business  which have not commenced business within two years from the date of their letters patent, or which have failed to exercise their corporate privileges, for two years after having been liquidated, shall be proceeded against by quo warranto by the attorney general at the instance of the banking commissioner to have their charter rights declared null and void."

The statute enacts, as follows:

"That all corporations in this Commonwealth having the right to receive deposits of money and to do a banking business which have not paid in the capital required by law and have not in any manner exercised the powers conferred upon them by their letters patent, or which have failed to exercise their corporate privileges, for two years, after having been liquidated, shall be returned by the banking commissioner to the attorney general, who shall proceed by quo warranto in the proper jurisdiction against such companies to the end that they shall be ousted from their charter rights and their corporate privileges and be declared null and void."

The defendant by its answer practically admits that it has no tangible corporate property, that it has not paid in any money, has not commenced business, and that it has exercised no corporate privilege unless the annual elections of president and directors be such exercise. The franchise conferred upon it by its charter was so conferred presumably for some public advantage. It has not secured any office or in any way qualified itself to receive deposits of money or do a banking business.

The defendant contends that the Act of April 23, 1909, is unconstitutional because the title thereto is defective. The Constitution only requires that an act of the general assembly shall relate to a single subject which shall be clearly expressed in the title. The subject of the act in question here is the dissolution of corporations having the right to receive deposits of money and to do a banking business. The title expressly states that such corporations shall be proceeded against by quo warranto if they (a) "have not commenced business within two years from the date of their letters patent," or (b) "have failed to exercise their corporate privileges for two years after having been liquidated." The act declares that such corporations may be proceeded

against in the manner stated in the title when (a) "they have not paid in the capital required by law," and (b) "have not in any manner exercised the powers conferred upon them by their letters patent," or (c) "have failed to exercise their corporate privileges for two years after having been liquidated." The title does not mention specifically "failure to pay in the capital required by law" as a ground for the commencement of proceedings to dissolve. The subject of the act being the dissolution of corporations of the character described, the title is sufficient to lead to inquiry as to the causes for which proceedings may be commenced, and this is all that is necessary. A title is not required to be a complete index to everything contained in the statute: State Line & Juniata R. R. Co.'s App., 77 Pa. 429; Esling's App., 89 Pa. 205; Carother's App., 118 Pa. 468.

Even if a provision is contained in a statute of which no notice is given in the title, that provision alone would be unconstitutional and the remainder of the act would stand: Commonwealth v. Kebort, 212 Pa. 289.

There is no dispute but that the corporation defendant is one of the class of corporations referred to in the Act of April 23, 1909. It is conceded that it has the right to receive deposits and do a banking business. The title gives distinct notice that the act is intended to provide for the dissolution of such corporations by proceedings in quo warranto. The title declares that such corporations "which have not commenced business within two years from the date of their letters patent, or which have failed to exercise their corporate privileges for two years after having been liquidated shall be proceeded against by quo warranto." The statute provides that when such corporations "have not paid in the capital required by law and have not in any manner exercised the powers conferred upon them by their letters patent, or which have failed to exercise their corporate privileges for two years, after having been liquidated" shall be proceeded against. There is no real conflict be-

tween the title and the statute. The act might have been more carefully drawn. The meaning of the words "after having been liquidated" which appear both in the title and in the body of the statute is not entirely clear. But it is not necessary to interpret them in the present case for no question of liquidation here arises, and the amendment of the original suggestion was not really required. The title expressly declares that a corporation which has not commenced business within two years from the date of its letters patent may be proceeded against. The statute declares that a corporation "which has not paid in the capital stock required by law and has not in any manner exercised the power conferred upon it by its letters patent" may be proceeded against. There is no specific statement in the title in regard to failure to pay in the capital required, but failure to commence business within two years from the date of the letters patent is expressly stated to be sufficient cause for the institution of the proceeding. A corporation such as is referred to in the statute could not commence business or exercise its corporate privileges without having first paid in its capital stock. The payment of the capital or the providing of capital with which to do business is a necessary pre-requisite to the commencing of business or the exercise of corporate privileges, and we regard the title in this particular as sufficient. The defendant company admittedly has not paid in or secured any money for the purpose of enabling it to do the business of receiving deposits or carrying on banking. Much more than two years have elapsed since the corporation was created. It was organized solely upon the basis of the invisible intangible franchise purchased at the assignee's sale for the sum of $10.00. It valued that franchise at $200,000.00 and issued certificates of stock to that amount to the persons interested in the purchase. This gave the corporation no capital or money with which to carry on the corporate business. At the time of its organization it had

no money for the purpose of carrying on the corporate business or exercising corporate privileges. In the eight succeeding years it has failed to provide any money for the conduct of the corporate business or to procure a place for the exercise of its corporate privileges. It has done nothing more than annually elect a president and directors. This, as we view it, is not carrying on corporate business or in any manner exercising the powers conferred by the letters patent. The defendant made no reports to the auditor general and has paid no tax of any kind to the Commonwealth. It has held and still holds a naked franchise without any attempt to use it for the purpose for which it was granted and has brought itself within the provisions of the statute under which this proceeding has been commenced. The privileges conferred by the Act of April 5, 1872, P. L. 972, could not now be acquired by any corporation organized under our general laws, because the granting of charters for the varied purposes covered by this Act of 1872 is no longer regarded as proper. If the defendant company had made use of its franchise by providing the money or capital with which to do business and by conducting business in good faith and had exercised its corporate privileges in any way whatever, it might claim the right to retain the privileges granted by this act of assembly.

After careful consideration of all the testimony in the case, we are satisfied that the defendant company has failed to exercise in any manner whatsoever the powers conferred upon it by its letters patent, and that the Commonwealth is entitled to have a judgment of ouster and a decree that the charter rights and corporate privileges of the defendant company are henceforth null and void. A decree to that effect and directing that the defendant shall pay the costs of this proceedings may be prepared and presented for signature.

The court made a decree of ouster. Defendant appealed.

*Error assigned* was, inter alia, the decree of the court.

*Wm. Kaufman,* with him *Job J. Conklin,* for appellant.—The Act of April 23, 1909, P. L. 143, is unconstitutional because its title is defective.

Even if the act is constitutional, the decree was not warranted.

The dissolution of a corporation is not necessarily implied from its cessation of actual business: Com. v. Overholt, 23 Pa. Superior Ct. 199; Brinckerhoff v. Brown, 7 Johns. Ch. 217; American Transfer Co.'s Petition, 29 Lanc. L. R. 249.

*Wm. M. Hargest,* Second Deputy Attorney General, with him *John C. Bell,* Attorney General, for appellee. —The Act of 1909 is constitutional; its title sufficiently expresses its subject matter: Kelley v. Mayberry Twp., 154 Pa. 440; Myers v. Commonwealth, 110 Pa. 217; In re Airy Street, 113 Pa. 281; Philadelphia v. Ridge Ave. Ry. Co., 142 Pa. 484; Dorrance v. Dorranceton Boro., 181 Pa. 164; Sugar Notch Boro., 192 Pa. 349; Commonwealth v. Gilligan, 195 Pa. 504; Rose v. Beaver Co., 204 Pa. 372; Commonwealth v. Jones, 4 Pa. Superior Ct. 362.

Even if unconstitutional in part, the statute would still apply to this appellant: Connolly v. Sewer Pipe Co., 184 U. S. 540; Commonwealth v. Kebort, 212 Pa. 289; Smith v. McCarthy, 56 Pa. 359; Lea v. Bumm, 83 Pa. 237; Philadelphia, Etc., Railway Co.'s Petition, 203 Pa. 354.

The evidence was sufficient to sustain the proceeding: Com. v. Commercial Bank, 28 Pa. 383.

OPINION BY MR. JUSTICE POTTER, June 27, 1913:

On the ground that the body of the act contains subject matter which is not clearly expressed in the title, counsel for appellant in this case question the constitutionality of the Act of April 23, 1909, P. L. 143, which

provides for proceedings against certain corporations to have their charter rights declared null and void. It is provided in the act "That all corporations in this Commonwealth, having the right to receive deposits of money, and to do a banking business, which have not paid in the capital required by law, and have not in any manner exercised the powers conferred upon them by their letters patent, or which have failed to exercise their corporate privileges for two years after having been liquidated," shall be proceeded against by quo warranto. Counsel suggest that the subject matter comprised in the words "which have not paid in the capital required by law, and have not in any manner exercised the powers conferred upon them by their letters patent" is not fairly indicated by anything in the title. Notice is however given in the title that corporations, which have not commenced business within two years from the date of their letters patent, shall be proceeded against. This language is, we think, sufficiently comprehensive to cover that portion of the enacting clause to which reference is made. A corporation which has not paid in its capital, as required by law, and which has not in any manner exercised the powers conferred upon it by its letters patent, cannot in any proper sense of the word be said to have commenced business. We agree with the statement in the opinion of the court below that "The payment of the capital or the providing of capital with which to do business is a necessary prerequisite to the commencing of business or the exercise of corporate privileges." And we also agree with the view of the trial court that the title in this particular is sufficient. It is unduly long for so short an act, but it points with sufficient clearness to the subject of the statute which is, proceedings to declare null and void the charters of certain corporations that have failed to exercise their privileges. In the original suggestion filed by the attorney general, it was charged that the appellant had not paid in the capital required by law, and had not

exercised the powers conferred upon it by its letters patent. To these specifications were added at the trial a third, that "the defendant has failed to exercise its corporate powers for two years after having been liquidated." Under the facts as found by the trial judge, the defendant was delinquent as charged in the original suggestion, and the amendment was not therefore necessary. It however did no harm. The information was subject to amendment either on or at any time before the trial: Com. v. Swank, 79 Pa. 154.

It appears from the record that in 1904 the assignee of the Penn Bank, which after a change of name had been operated under a special charter granted April 5, 1872, "to the Safe Deposit and Trust Company of Wheatland," sold the charter to Samuel B. Hartwell for the sum of $10.00. He with his associates undertook to reorganize the company, and without the payment of any cash capital into the treasury, they issued to themselves paid up capital stock to the amount of $200,000.00. This was in violation of a sound and fundamental rule that in banking corporations the capital stock must be paid in cash. There is no room for watered stock in such a corporation. If the reorganizers of this institution desired to continue the banking business, they were bound to pay in the designated amount of capital in cash. That the old corporation, the Penn Bank, was liquidated, cannot be denied. Admittedly it made a voluntary assignment for the benefit of its creditors, and its assets were distributed, and its charter was sold. Its affairs were wound up and settled. The attempt of the reorganizers to capitalize the franchise, or the right to do business granted by the State, at the sum of $200,000, was the merest farce. The action was a nullity. Nor does it appear that the reorganizers have in any proper manner exercised the powers conferred upon them by the letters patent. The mere holding of annual meetings and the election of officers, without anything else, is not a compliance with the law.

The opinion filed by the learned judge of the court below, amply vindicates the conclusion reached, that the defendant company has failed to exercise in any manner contemplated by law, its corporate privileges. Under the facts as found, the Commonwealth was entitled to judgment of ouster and to a decree declaring the charter rights and corporate privileges of the defendant company to be null and void.

The assignments of error are overruled, and the judgment and the decree made in pursuance thereof are affirmed.