# Allen *v.* International Text Book Company, Appellant.

201 579
38SC 1577

*Res adjudicata—Former action between the same parties.*

The judgment of a court of concurrent jurisdiction, directly on a point, is as a plea a bar, or as evidence conclusive between the same parties on the same subject-matter directly in question in another court.

*Res adjudicata—Master and servant—Wrongful discharge.*

Where a person is employed for one year at a fixed salary payable in weekly instalments, and is discharged during the period, and two weeks afterwards sues for two instalments of his salary and recovers a judgment which is paid, such a judgment conclusively establishes the wrongfulness of the discharge, and in an action brought after the period of employment

had expired to recover salary for the balance of the year, the question of the wrongfulness of the plaintiff's discharge cannot again be inquired into, and the defendant is confined to proof of payment, or release, or of facts in mitigation of damages.

Argued Jan. 15, 1902. Appeal, No. 324, Jan. T., 1901, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1898, No. 1053, on verdict for plaintiff in case of William D. Allen v. International Text Book Company. Before McCOL-LUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit to recover salary. Before BEITLER, J.

At the trial it appeared that by a contract in writing defendant employed the plaintiff to take charge of its New York office for one year beginning January 12, 1898, at a salary of $75.00 per week. On July 2, 1898, he was discharged and on July 18, he sued the defendant for two weeks' salary in a New York court, and recovered a judgment therefor which had been paid. The present action was brought after the expiration of the time for which the plaintiff was employed to recover salary for the balance of the year.

The defendant pleaded the recovery of the judgment in New York in bar. On a demurrer raising the question of law as to whether the judgment in New York was conclusive against appellee and prevented recovery, the court below entered judgment for defendant, but on appeal was reversed by this court: Allen v. Colliery Engineers' Company, 196 Pa. 518.

On the trial of the case the record of the suit in New York showed that the action there was for only two weeks' salary.

The court charged in part as follows:

[According to my notion of the law, that judgment unappealed from and paid by the defendant company is conclusive, that is to say, it is a familiar principle of law that when people who have a controversy have once fought that controversy out to a conclusion, it binds both parties thereafter in any further controversy.

Now with regard to that verdict it was predicated upon the affirmative finding that the plaintiff had done his duty and an affirmative finding likewise that the defendant had no offset to his claim for salary.] [11]

It is the duty of a discharged employee to seek other employment—I won't put it so strongly as that even—but if he does seek other employment he must allow his employer credit for what he earned.

[In this case the colliery company is entitled to a credit for what Mr. Allen had gotten. He has given you the figures, and I presume his counsel has deducted it from the total of the plaintiff's claim. He is entitled, according to my view of the law, to what this company is to pay him, provided he served them faithfully until the expiration of the contract, less a credit for what he earned since they discharged him. For the difference between what they owe him and what he has earned, he is entitled to a verdict.] [12]

Verdict and judgment for plaintiff for $2,838.90, upon which judgment was entered for $1,867.02, a remittitur having been filed for all above that amount. Defendant appealed.

*Errors assigned* among others were (11, 12) above instructions, quoting them.

*David C. Harrington*, for appellant, cited as to the question of res adjudicata: Moser v. Guarantee Trust & Safe Deposit Co., 3 Atl. Repr. 454; Hess v. Heeble, 6 S. & R. 57; Marsh v. Pier, 4 Rawle, 272; Logan v. Caffrey, 30 Pa. 200; Eisenhower v. Centralia School District, 13 Pa. Superior Ct. 51; Arnold v. Adams, 27 App. Div. (N. Y.) 345; 49 N. Y. Supp. 1041; Waldron v. Hendrickson, 40 App. Div. (N. Y.) 7; 57 N. Y. Supp. 561; Husted v. Thompson, 158 N. Y. 329; 53 N. E. Repr. 20; Perry v. Dickerson, 85 N. Y. 345; Wieland v. Willcox, 40 App. Div. (N. Y.) 213; 57 N. Y. Supp. 1038; Williams v. Conners, 53 App. Div. (N. Y.) 599; 66 N. Y. Supp. 11; Bower v. Tallman, 5 W. & S. 556; Bolton v. Johns, 5 Pa. 202; Simes v. Zane, 24 Pa. 242; Rockwell v. Langley, 19 Pa. 502; Pennock v. Kennedy, 153 Pa. 579; Sykes v. Gerber, 98 Pa. 179.

*Ira J. Williams*, with him *Alex. Simpson, Jr.*, and *Francis Shunk Brown*, for appellee, cited on the question of res adjudicata: Liddell v. Chidester, 84 Ala. 608; 4 So. Repr. 426; Love v. Waltz, 7 Cal. 250; Haskin v. New York, 11 Hun, 436; Black

River Savings Bank v. Edwards, 10 Gray, 387; Kilheffer v. Herr, 17 S. & R. 319; Smith v. Elliott, 9 Pa. 345; Danziger v. Williams, 91 Pa. 234; Fell v. Bennett, 110 Pa. 181; Bierer v. Hurst, 162 Pa. 1; Hartman v. Pittsburg Incline Plane Co., 2 Pa. Superior Ct. 123; Newton v. Hood, 48 N. Y. 676; Orr v. Mercer County Mutual Fire Ins. Co., 114 Pa. 387; Myers v. Kingston Coal Co., 126 Pa. 600.

OPINION BY MR. JUSTICE FELL, February 24, 1902:

The plaintiff was employed for one year at a fixed salary payable in weekly instalments. He was discharged during the period, and two weeks afterwards he sued for two instalments of his salary and recovered a judgment, which was paid by the defendant. This action was brought after the period of employment had expired to recover the salary for the balance of the year. The defendant pleaded the former action in bar. When the case was here before, see Allen v. Colliery Engineers' Co., 196 Pa. 512 (the corporate name of the defendant having since been changed to the International Text Book Company), it did not appear from the pleadings whether the former judgment was for an instalment of salary or for damages for the breach of the contract. It was decided that if for the former, this action could be maintained, as in case of a wrongful discharge an employee may treat the contract as existing and sue on it for his salary as it becomes due; but if for the latter, the judgment was a bar, as he can have but one action for damages for the breach of the contract.

At the second trial it was shown that the former judgment was for salary after the discharge, and the only question now properly before us is whether that judgment conclusively established the wrongfulness of the discharge and confined the defense to proof of payment or release or of facts in mitigation of damages. The rule on this subject, stated in the Duchess of Kingston's Case, 20 Howell's St. Tr. 538, "The judgment of a court of concurrent jurisdiction, directly on the point, is as a plea a bar, or as evidence conclusive between the same parties on the same subject-matter directly in question in another court," has been uniformly followed in our cases from Hibshman v. Dulleban, 4 Watts, 183, to Bell v. Allegheny County, 184 Pa. 296. In Orr v. Mercer County Mutual Fire Insurance Co., 114 **Pa.**

387, it was held that the confession of judgment in the common pleas on an appeal from a justice of the peace was conclusive against the right of the defendant to present the same defense in a subsequent action to recover other payments on the same contract.

The plaintiff rendered no services for the two weeks' salary for which he sued and recovered a judgment. His former action was in affirmance of the contract, and the judgment was on the ground that his discharge was wrongful. Proof that it was wrongful was essential to an adjudication in his favor. It was the foundation of his case and having been once established in a court of competent jurisdiction in an action between the same parties and for the same subject-matter, it could not again be inquired into.

The judgment is affirmed.