# French *v.* Harding, Appellant.

*Corporations—Stock—Full paid stock—Rights of a bona fide purchaser.*

1. A bona fide purchaser for value and without notice, of the stock issued by a corporation as paid up, cannot be held liable on such stock in any way either to the corporation, corporate creditors or other persons even though the stock was not actually paid up as represented.

2. Where a person, in open market, in good faith and without notice, purchases certificates, such stock is to be deemed "paid up" in his hands, and he is protected as a bona fide purchaser, even though there is nothing on the face of the certificates stating that they are paid up.

*Corporations—Stockholders—Assessments—Defenses—Foreign corporations—Conflict of laws.*

3. In an action by a receiver of a foreign corporation against a stockholder, a resident of Pennsylvania, to recover an assessment authorized by a decree of a court having jurisdiction of the affairs of the corporation, the defendant cannot question the findings of insolvency, and the foundations of the assessments, but he can set up any defense which is personal to himself in which are involved his rights as a bona fide holder of the stock.

Argued Oct. 11, 1910. Appeal, No. 21, Oct. T., 1910, by defendant, from order of C. P. No. 4, Phila. Co., Dec. Term 1908, No. 2,748, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Thomas E. French, ancillary receiver of The Agnew Company, v. J. Horace Harding. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Assumpsit to recover assessments on stock of a New Jersey corporation.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*H. B. Gill,* with him *John R. Read* and *Louis B. Runk,* for appellant.—The defense set up is valid if the defendant

be entitled to make it in this suit: Rood v. Whorton, 67 Fed. Repr. 434; Coleman v. Howe, 154 Ill. 458 (39 N. E. Repr. 725); 1 Cook on Corporations, sec. 50; Johnson v. Lullman, 15 Mo. App. 55; West Nashville Planing-Mill Co. v. Bank, 86 Tenn. 252 (6 S. W. Repr. 340); Burkinshaw v. Nicolls, L. R. 3 App. Cas. 1004; Dupont v. Tilden, 42 Fed. Repr. 87; Finletter v. Appleton, 195 Pa. 349; See v. Heppenheimer, 69 N. J. Eq. 36 (61 Atl. Repr. 843).

The defendant is entitled to make this defense in this suit: Keystone Bridge Co. v. McCluney, 8 Mo. App. 496; Foreman v. Bigelow, 4 Cliff. 508; Cleveland Rolling-Mill Co. v. Railway Co., 27 Fed. Repr. 250; McNutt v. Bakewell, 223 Pa. 364; In re Haley, 158 Fed. Repr. 74; Rood v. Whorton, 67 Fed. Repr. 434; Great Western Tel. Co. v. Purdy, 162 U. S. 329 (16 Sup. Ct. Repr. 810); Capital City Mut. Fire Ins. Co. v. Boggs, 172 Pa. 91; Wood v. Ins. Co., 154 Pa. 157; In re Remington Automobile & Motor Co., 153 Fed. Repr. 345.

*Henry Spalding,* with him *David N. Fell,* for appellee.— The general rule is that all persons who appear as stockholders on the books of a corporation are liable for its unpaid capital stock: Bell's App., 115 Pa. 88; Cook v. Carpenter, 212 Pa. 177.

Under the constitution of the United States the decree must be given the same force and effect by the courts of Pennsylvania that it would be given by the courts of the state of New Jersey: Levison v. Blumenthal, 25 Pa. Superior Ct. 55; Stilwell v. Smith, 219 Pa. 36; Guthrie v. Lowry, 84 Pa. 533.

As the defendant was a stockholder in a corporation chartered under the laws of the state of New Jersey, the court of chancery of that state had jurisdiction to make the order of assessment against him; and therefore the defendant cannot be heard in any other state to question the validity of that order: Hawkins v. Glenn, 131 U. S. 319 (9 Sup. Ct. Repr. 739); Great Western Tel. Co. v. Purdy, 162 U. S. 329 (16 Sup. Ct. Repr. 810); Hancock

Nat. Bank v. Farnum, 176 U. S. 640 (20 Sup. Ct. Repr. 506); Howell v. Manglesdorf, 33 Kan. 194 (5 Pac. Repr. 759); Bernheimer v. Converse, 206 U. S. 516 (27 Sup. Ct. Repr. 755); Howarth v. Lombard, 175 Mass. 570 (56 N. E. Repr. 888); Tompkins v. Blakey, 70 N. H. 584 (49 Atl. Repr. 111); Calloway v. Glenn, 105 Ky. 648 (49 S. W. Repr. 440); Ball v. Anderson, 196 Pa. 86.

The appellant's defense is not a personal one. It goes to his status as a stockholder.

OPINION BY HEAD, J., April 17, 1911:

This appeal comes from an order or decree of the learned court below making absolute a rule for judgment for want of a sufficient affidavit of defense. As, in the view we take of the case, it must go back to be tried according to the course of the common law, we follow the approved practice of the appellate courts in indicating, as briefly as we may considering the nature of the question involved, the reasons why we have determined the affidavit to be sufficient to protect the defendant from a summary judgment.

The Agnew Company was a corporation of the state of New Jersey, with a capital stock of $250,000 divided into 5,000 shares of the par value of $50.00 each. Upon a proper proceeding begun in the court of chancery of that state, having jurisdiction of the affairs of insolvent corporations, it was determined that the said corporation was insolvent; that its outstanding indebtedness, bonded and otherwise, equaled or exceeded the amount of its capital stock; that all of the shares of the said stock had been originally issued by the corporation without its receipt of anything therefor from the parties to whom it was originally issued; that it was necessary, in order to pay its debts, that an assessment equal to the full par value of the stock, be levied against all the stockholders; that J. Horace Harding, the present defendant, was then the owner of ten shares of said stock; and that the receiver, who had been previously appointed, be authorized to levy such an assess-

ment and to proceed to collect the same from the respective stockholders. Basing his right to recover on this decree of the New Jersey court, the plaintiff, the duly appointed receiver, brought this action in the county of Philadelphia to recover from the defendant the amount of such assessment with interest and costs.

By way of defense the defendant set up, that at the time of the institution of said proceedings, and before and since, he was and has remained a citizen of the state of Pennsylvania; that at no time was he served in the state of New Jersey with any process from the said court; that he never appeared therein in person or by counsel, and at no time and in no way submitted himself to the jurisdiction of that court; that he had no knowledge of such proceedings other than that conveyed to him by notices through the mails addressed to him at his place of business in the city of Philadelphia and there received by him; that he was not an original subscriber to the stock of said company, nor was he one of the parties who promoted it, who received any stock from it, or had any knowledge of the manner in which the said stock was issued, or of the affairs of the corporation at that time, or of any fraud or wrongdoing perpetrated by those who organized or promoted the said corporation or originally received the certificates representing its capital stock; that in the ordinary course of business, in the city of Philadelphia, he bought for a valuable consideration ten shares of the said stock through his broker who was making sale of an automobile for him, and who, with his consent, accepted the ten shares in part payment of the purchase price of his car; that having thus acquired his stock in the open market, for a valuable consideration, without any knowledge that it had been illegally or fraudulently issued or would be subject to call or assessment by the corporation or its receiver, he was not legally liable to pay such an assessment as had been directed by the New Jersey court, and that notwithstanding its decree, he had a right to his day in court and to make defense on the

grounds indicated. As already stated, the learned court below entered a summary judgment against him without any opinion indicating the grounds for such action.

We may say in the outstart that we think the facts upon which his defense is predicated are fairly and sufficiently averred in his affidavit. The argument of the learned counsel for the appellee attacking the affidavit in this respect we do not find to be convincing. We shall consider the question in two aspects. Do the facts averred indicate a legal defense to the plaintiff's claim? Is such defense here available in the face of the decree entered by the New Jersey court, or would its acceptance amount to a collateral attack on that decree?

1. From Cook on Corporations, vol. 1, sec. 50, where may be found a general discussion of this question, supported by many notes and citations, we quote the following: "A bona fide purchaser, for value and without notice, of stock issued by a corporation as paid up, cannot be held liable on such stock in any way, either to the corporation, corporate creditors or other persons, even though the stock was not actually paid up as represented. . . . The law goes still further and holds that where a person in open market, in good faith and without notice, purchases certificates, such stock is to be deemed 'paid up' in his hands, and he is protected as a bona fide purchaser, even though there is nothing on the face of the certificates stating that they are paid up. This can now be laid down as the established rule. It is based on sound public policy, favoring as it does the transfer of personal property and the quasi-negotiability of stock and discountenancing secret liens and constructive notice." The principle thus deduced by the learned author has been clearly stated and followed in the decisions of the courts of last resort of a number of the states of the union as well as in England. In Finletter v. Appleton, 195 Pa. 349, a bill was filed by the receiver of an insolvent corporation against the company and its stockholders to compel the payment of unpaid subscriptions to its capital stock. The bill averred in

detail the manner in which the stock had been originally issued in violation of law and without the receipt by the company of any value therefor. It further averred that certain persons, who became the appellees in the reported case, were at the time of the filing of the bill the owners of certain shares, having received them by transfer from those to whom they were originally issued. "The appellees demurred on the grounds that the bill disclosed that they were not original subscribers to the stock or promoters of the company but were purchasers of the stock in the market; . . . . and that the bill fails to aver that they purchased the stock with notice of the fraud alleged in the bill, or were not purchasers thereof for value." The demurrer was sustained. In affirming the decree, Mr. Justice MESTREZAT, speaking for the court, said: "The bill in this case shows that the defendants are owners of, but not the original subscribers to, certain full paid shares of stock. There is no allegation that they are not holders for value or holders with notice of the fraud alleged in the bill. It is conceded that they purchased their stock in the open market. As shown by the pleadings, therefore, the defendants are not responsible to the plaintiff for any unpaid subscriptions on the stock now held by them, and hence can safely rest upon their demurrer." We must therefore conclude that the affidavit disclosed a legal defense.

2. That the New Jersey court had complete jurisdiction of the insolvent corporation and its affairs is not and cannot be denied. Its findings and decree, therefore, made within the limits of that jurisdiction in disposing of the affairs of the corporation, cannot be collaterally attacked in the courts of this state. The defendant is therefore concluded by the decree in so far as it determines the fact of insolvency; the extent of the indebtedness of the insolvent corporation; that its capital stock was issued to the original stockholders in violation of law and without the payment of any money therefor; that an assessment equal to the par value of the stock was necessary to enable its

receiver to pay its debts; that this defendant, with the other persons named in the decree, were the holders of the shares of such stock named in the decree; and that the receiver was authorized to proceed with the collection of such assessment. All of these matters were necessarily determined in ascertaining the status of the corporation to its creditors and stockholders, and in so far as these determinations affected the individuals holding the stock, the court was acting within its jurisdiction because it was dealing with them only as a class, qua stockholders, and in this sense and in this respect they were within the jurisdiction.

But the defendant as an individual was never within the jurisdiction of that court. No judgment in personam against him could therefore be entered by that court. If this were not true, no citizen of any state could with safety buy in the open market shares in the capital stock of a corporation of a distant state, because he would be compelled at all times to go to that distant state to defend or else be liable to have a personal judgment entered against him. An examination of the decree of the New Jersey court leads us to the conclusion that it does not purport on its face to amount to a personal judgment against this defendant that he pay to the receiver a particular sum of money. Decrees like the one before us are of not infrequent occurrence, and we think there is a consensus of opinion, indicated by all of the decisions, that there still remains to the individual stockholder, when sued in the courts of his domicile in a case like the present one, the right to make any defense personal to himself. That is to say, a defense which cannot be made by the entire body of stockholders as a class, with whom alone the court was dealing, but by him as an individual, such as minority, lunacy, payment, or any other defense arising out of the particular circumstances incident to his personal acquisition of the stock.

In this state the courts of Dauphin county are vested by statute with jurisdiction over the affairs of certain insol-

vent corporations, and decrees determining the facts of insolvency, that the indebtedness amounts to a certain sum, that an assessment of a fixed amount is necessary, and authorizing receivers to proceed to collect such assessments from the stockholders, have been frequently made. In Capital City Mut. Fire Insurance Co. v. Boggs, 172 Pa. 91, a case of that character, Mr. Justice MITCHELL used the following language: "The order of the Dauphin county court is conclusive upon the validity and the amount of the assessment, but it does not touch the liability of the defendant to pay. It could not do so, as he has not been heard and therefore cannot be concluded as to defenses which are personal to himself." In Wood v. Live Stock Insurance Co., 154 Pa. 157, the Supreme Court, in touching upon this aspect of the case then before them, said: "In view of what has been said, the remaining specifications do not require discussion. There is nothing in either of them that would justify a reversal or modification of the decree. Appellants and other policy holders are not concluded by the decree from defending on any ground that is personal and peculiar to themselves respectively." The same doctrine is recognized in our own case of Brown v. Spackman, 29 Pa. Superior Ct. 638.

In determining the limitations of the fundamental principle that full faith and credit must be given by the courts of every state to the proper judgments of the courts of another state, the decisions of the courts of the United States must be regarded as of the very highest authority. A brief citation from two of such cases will suffice. In Rood v. Whorton, 67 Fed. Repr. 434, the United States circuit court for the eastern district of Wisconsin thus defined the limitations of a decree of the character of the one now under consideration. "It is true, as held in Hawkins v. Glenn, 131 U. S. 319, and in Glenn v. Liggett, 135 U. S. 533, that in the absence of fraud, stockholders are bound by a decree against their corporation in respect to corporation matters, and such a decree is not open to collateral attack, as the stockholder is to be deemed privy

to the proceedings touching the body of which he is a member. But this rule applies only so far that he cannot question the findings of insolvency and the foundations of an assessment upon the stockholders. Upon any question of individual liability in which are involved his rights as a bona fide holder, or in respect to his special holding of stock, a stockholder is entitled to his day in court and cannot be bound by any ex parte adjudication of liability. There is no adjudication affecting the defense interposed by this defendant, and he is not liable upon his shares of stock." In Great Western Telegraph Co. v. Purdy, 162 U. S. 329, we quote the following language from the opinion of the court: "The whole effect of the order of assessment being to fix the amount which any stockholder under his contract of subscription should pay and to authorize the receiver to bring suits for the same, but not to determine whether the present defendant or any other particular stockholder was liable for anything. The Iowa court, by sustaining the defense of the statute of limitations, did not deny to the judicial proceeding of Illinois the full faith and credit to which it was entitled."

The doctrine of this case was recognized and followed in the very latest utterance of this court on the subject: Newton's Estate, decided at the recent March term and not yet reported. That was an action by a receiver against a stockholder to recover an assessment authorized by a decree of a court having jurisdiction of the affairs of the corporation. The defendant interposed the plea of the statute of limitations. To determine the validity of this plea it became necessary to inquire into the nature and effect of the assessment and the decree of the court authorizing it. For if that decree had the effect of a judgment against the defendant, his plea must have been unavailing. Speaking for this court, HENDERSON, J., said: "The order authorizing the assessment was not a judgment. . . . It was conclusive evidence of the necessity for making the assessment and bound the stockholders without personal notice to that extent, but the stockholder sued had the

right to set up any defense which he might have to an action on the contract, among which defenses is the plea of the statute of limitations:" Great Western Telegraph Co. v. Purdy, 126 U. S. 329.

As the record now stands we are of opinion that the affidavit filed exhibited a sound legal defense and that a judgment, founded on such a defense, would not be a collateral attack on the validity of the decree of the New Jersey court nor a denial, to the judicial proceedings of the courts of that state, of the full faith and credit to which they are entitled.

Judgment reversed and a procedendo awarded.