# Blair *v.* Kingston Manufacturing Co., Appellant.

*Corporations—Insolvent corporations—Wages claims — Assignment of wage claims—Judgment.*

An action of assumpsit may be maintained by the assignee of twelve workmen to recover wage claims from the stockholders of an insolvent corporation under Sections 14 and 15 of the Act of April 29, 1874, P. L. 73; and this is the case although ten of the claims had been reduced to judgment against the corporation before they had been assigned to the plaintiff; and in such a case the defendants cannot set up as a defense that the plant had been leased to another corporation, and that the work had been done for the latter corporation, if it appears that work went on as usual after the lease, and that nothing was done to notify the employees, or the public of any change in the management and control of the plant.

Argued March 7, 1916.   Appeal, No. 38, March T., 1916, by defendants, from judgment of C. P. Luzerne Co., May T., 1913, No. 64, for plaintiff on case tried by the court without a jury in suit of Robert J. Blair, Trustee, v. Kingston Manufacturing Company and Warren Straw, et al., Stockholders.   Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Assumpsit to recover wage claims.   Before FULLER, J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for plaintiff.

*Henry W. Dunning,* with him *Mulford Morris,* for appellants.—The claims were not assignable: Morris, for use of Rupp, v. McCulloch, 83 Pa. 34; DeHaven v. Pratt, 223 Pa. 633; Osborn v. First National Bank of Athens, 154 Pa. 134; Osborn v. First National Bank, 175 Pa. 494; Sensenig v. Penna. R. R. Co., 229 Pa. 168; Marsh v. Western New York, Etc., Ry. Co., 204 Pa. 229.

The appellants respectfully contend that, as an election of remedy, the former recovery against the corporation before the alderman upon these claims is a bar to recovery: Reese v. Emerick, 6 S. & R. 286; Garvin v. Dawson, 13 S. & R. 246; Brenner, Trucks & Co. v. Moyer, 98 Pa. 274; Patterson v. Wyomissing Mfg. Co., 40 Pa. 117; Hoard v. Wilcox, 47 Pa. 51.   Statutes imposing individual liability upon stockholders for corporate debts are to be strictly construed: Hoard v. Wilcox, 47 Pa. 51; Brinham v. Wellersburg Coal Co., 47 Pa. 43; Means' App., 85 Pa. 75; Moyer v. Penna. Slate Co., 71 Pa. 293; O'Reilly v. Bard, 105 Pa. 569; DeHaven v. Pratt, 223 Pa. 633.

*J. R. Scouton,* with him *John McGahren,* for appellees. —The moneys in question in the case at bar are moneys

due under contract and are assignable: Aultman's App., 98 Pa. 505; Cushing v. Perot, 175 Pa. 66; Hoard v. Wilcox, 47 Pa. 51; Means' App., 85 Pa. 75; Mansfield Iron Works v. Willcox, 52 Pa. 377.

OPINION BY WILLIAMS, J., October 9, 1916:

This was an action of assumpsit, brought by the assignee of twelve workmen, to recover wage claims from stockholders of an insolvent corporation under the Act of April 29, 1874, P. L. 73, Sections 14 and 15.

The material facts, as found by the court below, are as follows: The Kingston Mfg. Co., incorporated under the Act of 1874, erected a plant and carried on its operation until August, 1912, when its board of directors, Straw, Welles, Smith, Newberry and Ruggles, authorized by mere verbal lease an arrangement whereby the plant was turned over to the Gulick Paving Process Co. on certain conditions. No specific term or rental was mentioned. The plant was subsequently operated under this arrangement until the property was sold at sheriff's sale under a mortgage. The foreman of the plant was notified of the change, but nothing else was done to notify employees or the public of any change in the management and control of the plant. To all appearances, external and internal, except for the employment of a new foreman, the business was conducted precisely as before and even the pay slips were issued bearing the name of the corporation. The workmen receiving these pay slips had no knowledge of any change and worked on the assumption that they were employed by the corporation, although employed after the arrangement had been made.

Ten of the twelve claims had been reduced to judgment before they were assigned to the plaintiff as trustee. The court was of opinion that the stockholders were liable and entered judgment for the plaintiff.

Under the numerous assignments of error the appellant raises three contentions, viz: (1) That the claims

sued on are not assignable and, therefore, the assignee cannot recover in this action; (2) that the debts sued on are the obligations of the paving company and not those of the Kingston Mfg. Co., and, therefore, the defendants are not liable in this action as stockholders of the latter corporation; and (3) that as to the ten claims already reduced to judgment there can be no recovery because the corporation cannot be sued a second time after judgment has been rendered on the same claims.

The liability of the stockholders is entirely statutory: Lane's App., 105 Pa. 49; Katch v. Benton Coal Co., 19 Pa. Superior Ct. 476. It does not follow, however, that the claims which arise out of contracts are of such a nature that they cannot be assigned. The cases cited by the appellant in which statutory liability was not enforced, where there had been an assignment of the claim, are easily distinguished. They were all claims in which the original foundation arose ex delicto. Here the claims arose entirely ex contractu. Such claims are assignable and the assignees are invested with all the rights, the labor claimants themselves would have had if their claims had not been assigned: Riddlesburg Coal & Iron Co's. App., 114 Pa. 58. Under similar statutes the liability of stockholders has been held to be contractual: Aultman's App., 98 Pa. 505, 515; Cushing v. Perot, 175 Pa. 66, 73, and analogous to a guaranty; Means' App., 85 Pa. 75, 79; Patterson v. Wyoming Mfg. Co., 40 Pa. 117, 122. The stockholders, in accepting their stock must be presumed to have agreed to all the conditions imposed by the statute, which relieves them from general liability but imposes this special liability for the payment of wage claims in the event of insolvency.

The alleged lease to the paving company can be no bar to the present recovery. The liability of the stockholders depends on the liability of the corporation and the corporation is estopped from setting up the lease, because its terms are not established and the evidence is

ample that the workmen had no knowledge or means of knowledge of it. It may be assumed that the lease was of the plant as a going concern, that is, a lease of the plant with an agreement to furnish a force of men to run it. There is nothing in the record to rebut this assumption as there were no outward or visible indications of any change of ownership or management. The pay slips were all made on the stationery of the Kingston Mfg. Co. It may be said that the labor performed came exactly within the terms of the act as "labor done to carry on the operations of......said corporations."

The former judgments against the corporation do not constitute a bar to the action in the present case for the parties are not the same nor is the liability sought to be enforced of a like nature. The same situation arose in Patterson v. Wyomissing Mfg. Co., supra, and Mansfield Iron Works v. Willcox, 52 Pa. 377, and the former judgment was held not to be a bar to a subsequent action to enforce the statutory liability. The court below in its judgment fully protected the rights of the corporation.

The assignments of error are dismissed and judgment is affirmed.