## Bush, Appellant, *v.* Eastern Uniform Company et al.

Argued January 13, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

reargument refused April 14, 1947.

*Jerome L. Markovitz,* for appellant.

*Edward Davis,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, March 24, 1947:

The appeal concerns the statutory liability of shareholders of a corporation for "wages due and owing to its laborers and employes" under the Business Corporation Law of May 5, 1933, P. L. 364, Article V, section 514, as amended, 15 PS 2852-514.

Rose Bush, assignee of numerous wage claims aggregating over $12,000, instituted an action in assumpsit against the corporation employer and its three shareholders, seeking to recover the amount of such wages. Judgment for want of an affidavit of defense was taken against the corporation and Alexander, one of the shareholders. The other two shareholders filed an affidavit of defense denying liability. The case came on for trial before a jury. The trial judge entered a nonsuit, which the court in banc refused to take off. This appeal followed.

The reasons assigned by the court below for the entry of the nonsuit were (1) The plaintiff was not the owner of the wage claims (2) That the record of

the United States District Court in Bankruptcy allowing the wage claims and directing payment of a dividend thereon was excluded from the testimony because the individual defendant shareholders were not parties in the bankruptcy proceeding and were not bound thereby. We are unable to agree with either reason.

It was proved that plaintiff was the assignee of the wage claims, assigned to her by a written assignment under seal, for the recited consideration of $1. Wages are assignable: *Blair v. Kingston Mfg. Co.*, 64 Pa. Superior Ct. 506, 509. By the terms of the assignment plaintiff was authorized to collect the wages or to settle and compromise them or to sue for their recovery at law or in equity. It was conceded that the sole purpose for the assignment was the collection of the wage claims. The Pennsylvania Procedural Rules provide: "Rule 2002. *Prosecution of Actions by Real Parties in Interest. Exceptions.* (a) Except as otherwise provided in clauses (b), (c) and (d) of this rule, all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts. (b) A plaintiff may sue in his own name without joining as plaintiff or use-plaintiff any person beneficially interested when such plaintiff (1) is acting in a fiduciary or representative capacity, which capacity is disclosed in the caption and in the plaintiff's initial pleading; or (2) is a person with whom or in whose name a contract has been made for the benefit of another. (c) Clause (a) of this rule shall not apply to actions where a statute or ordinance provides otherwise. (d) Clause (a) of this rule shall not be mandatory where a subrogee is a real party in interest." The plaintiff, as assignee, is the real party in interest: *Titus v. Wallick*, 306 U. S. 282, 289; *Blair v. Kingston Mfg. Co.*, supra. See: Comments, Goodrich-Amram Procedural Rules Service, section 2002 (a)—8.

Section 514 of the Business Corporation Law, supra, provides: "A. A shareholder of a business corporation

shall not be personally liable for any debt or liability of the corporation, except salaries and wages due and owing to its laborers and employes, for services rendered to the corporation. In such event, every shareholder shall be personally liable in an amount equal to the value of the shares of the corporation owned by him, . . . ."

At the trial plaintiff produced and offered in evidence the bankruptcy records of the United States District Court disclosing that the wage claims here sued upon were presented and allowed, and a dividend paid thereon. The learned trial judge refused to admit such record in evidence. This was error.

The adjudication and allowance of the wage claims against the corporation, in bankruptcy, are conclusive and *res judicata* as to the shareholders: *Roland v. Albright*, 325 Pa. 431, 190 A. 885. See also: *Allen v. International Text Book Company*, 201 Pa. 579, 51 A. 323; *Hochman v. Mortgage Finance Corp.*, 289 Pa. 260, 137 A. 252; Freeman on Judgments, vol. 3, 5th Ed., section 1473.

A shareholder is deemed privy to proceedings touching the corporation of which he is a member: *Rood v. Whorton*, 67 Fed. Rep. 434; *French v. Harding*, 235 Pa. 79, 85, 83 A. 586; *John A. Roebling's Sons Co. v. Federal Storage Battery Car Co.*, 173 N. Y. S. 297; *Firestone Tire & Rubber Co. v. Agnew*, 194 N. Y. 165, 86 N. E. 1116 and 30 American Jurisprudence, section 251, p. 979, 980.

The United States District Court has decreed that the corporation is indebted for the wage claims. Such claims were assignable to plaintiff. The Pennsylvania Statute provides that shareholders are liable (to the extent specified in section 514) for the corporation's unpaid indebtedness for wages. It was therefore error to have entered the nonsuit.

The judgment is reversed and a *procedendo* awarded.