## Dickerson v. Dickerson Overseas Company et al.

*Wolf, Block, Schorr & Solis-Cohen*, for plaintiff.
*Evans, Bayard & Frick*, for defendants.

SMITH, P. J., January 31, 1952.—This matter comes before the court on plaintiff's preliminary objections to

the answer and new matter filed by defendants as well as plaintiff's motion for judgment on the record.

The action in assumpsit was instituted against defendants to recover the sum of $32,656.39 under the same contract which was the basis for the original suit brought in this court under September term, 1950, no. 3611. This court found for plaintiff in the former action, which finding was affirmed by the Supreme Court as of January term, 1951, no. 236, including an award of judgment for the amount admitted to be due with the right to an accounting.

The present action brought by plaintiff is for compensation claimed by plaintiff over a period from July 1, 1950, to June 1951, and also seeks an accounting for any additional sums that may be due. Defendant filed preliminary objections to this complaint on the ground of lis pendens. The preliminary objections were dismissed in an opinion by Alessandroni, J., and defendant then filed an answer and presented an affirmative defense under the heading of new matter.

The contract sued on was one for an amount due under an agreement of employment entered into on January 24, 1949, wherein corporation defendant agreed to employ plaintiff for a period of five years. Paragraph 3 of the agreement provided:

"Employer agrees that so long as employee is performing or is willing to perform his agreement hereunder, it will pay employee on or before the 30th day of each month following the close of each fiscal quarter of employer as wages a sum equal to 2% of the gross sales of the brokerage business of employer and Pennsylvania and any other enterprise controlling, controlled by or under the common control with employer of Pennsylvania and engaged in a line of business similar to that engaged in by employer or Pennsylvania. Employer agrees also to reimburse employee for any

reasonable expenses incurred on behalf of employer's business."

Subsequent to the filing of the first action and pending its determination, plaintiff received further statements indicating amounts admittedly due from defendants but withheld by them. Based upon these statements and by reason of the stay resulting from the then pending appeal, plaintiff on September 6, 1951, filed this second action against defendants. The relief sought in this action is identical with the first, to wit, an accounting for the full term of the agreement and an award of the amount to be due after the filing of the first suit.

The defendant contends that plaintiff could have brought an action for installments due for July, August, September and October 1950, at the time the first suit was brought and that having failed to do so it is a bar to the second action. We are of the opinion that the case of Stradley v. Bath Portland Cement Company, 228 Pa. 108 (1910), does not control this case. In that case there was a specific amount of compensation determinable. In the actions under consideration this was not so. In the first cause of action it covered the third quarter of 1950. The complaint demanded an accounting for each quarterly period of 1949 and for the first and second quarterly periods of 1950 and for each quarterly period thereafter until the date of the judgment. The only way that plaintiff could state any measure of damages was from admissions made to him by defendants. At the time of the first case plaintiff was in possession of only statements rendered him at that time. The second cause of action is based upon statements furnished him by defendant after the first cause of action had been commenced. It is inconceivable that plaintiff could have had this information as admitted sums at the time the first cause of action was brought. Thus we find no merit in this contention of defendant.

The answer of defendants in the second cause of action is practically and essentially the same as they have raised in the first cause of action. That has been determined by the Supreme Court. The principles of res judicata are controlling in this case. Judge Alessandroni in disposing of defendant's preliminary objections held:

"Plaintiff claims a very substantial sum in this action; the question of the rights of the parties on the contract has already been litigated. Since the cause of action is based on the same contract, the issue of liability thereon is res judicata: Allen v. International Textbook Company, 201 Pa. 579." In that case on page 583 it reads:

"The plaintiff rendered no services for the two weeks' salary for which he sued and recovered a judgment. His former action was in affirmance of the contract, and the judgment was on the ground that his discharge was wrongful. Proof that it was wrongful was essential to an adjudication in his favor. It was the foundation of his case and having been once established in a court of competent jurisdiction in an action between the same parties and for the same subject-matter, it could not again be inquired into."

The relief sought for here is identical with that sought in the first case, an accounting for the full term of the contract and an award for the amount admitted to be due and unpaid. The legality of the contract has been disposed of. It was decided in plaintiff's favor. Plaintiff in the first cause of action has not waived an accounting. Plaintiff has asked for it and still does. Plaintiff retains his right to proceed therefor under Common Pleas Rule 1038.

## Order

And now, to wit, January 31, 1952, plaintiff's preliminary objections to defendants' answer and new

matter are sustained and judgment is hereby entered on the record for plaintiff against defendants in the sum of $32,656.39, with interest thereon from January 31, 1951, with the right to proceed for an accounting.