## Shapiro v. Hofkin

*Cassin W. Craig*, for plaintiff.
*Lawrence A. Brown*, for defendants.

SMILLIE, J., March 24, 1965.—The matter is before the court upon plaintiff's motion for a protective order under Pennsylvania Rule of Civil Procedure 4012(a). Plaintiff, a Philadelphia lawyer, filed an action in assumpsit against defendants alleging, inter alia, that he produced a purchaser for a corporation of which defendants were stockholders and in consideration of his services defendants and other stockholders entered into a written agreement to pay him $100,000.

Defendants filed an answer containing new matter and a counterclaim denying that plaintiff was entitled to receive any compensation from them and, to the contrary, that they are entitled to recover damages from plaintiff because of his breach of fiduciary duty.

Plaintiff then filed preliminary objections to the answer containing new matter and counterclaim which were dismissed by the court.

Thereafter, defendants filed a motion to dismiss for failure to join an indispensable party, i.e., plaintiff's law firm. To this petition, plaintiff filed an answer, averring he was the real party in interest. The court

granted defendants ninety days within which to take depositions upon their petition. Defendants, without taking any further depositions, elected to proceed to argument. Defendants' motion to dismiss was denied by the court on the basis of the facts then of record.

Now, defendants have filed a motion for the inspection of the income and gift tax returns of plaintiff, his wife, his partners and to take additional depositions of plaintiff's partners. Plaintiff has moved for a protective order under Pa. R. C. P. 4012(a).

Plaintiff argues against defendants' motion to dismiss for failure to join an indispensable party, that since he was the only person named in the contract entitled to receive the moneys, this made him the only person who could give a release from the contract and thus the sole indispensable party.

Plaintiff's depositions on which defendants relied as the basis for their original petition show that plaintiff did not assign the contract on which this suit was brought to his law firm, and he did voluntarily pay over the moneys received by him to the partnership of which he was a member, but that this was a voluntary act on his part not required by any agreement between him and his partners.

Plaintiff's position is well supported by case law:

"A real party in interest in any given contract or chose in action is the person who can discharge the duties created, and control an action brought to enforce rights. This does not mean that the real party in interest is the person who is ultimately entitled to the benefit of any recovery obtained nor the person beneficially interested therein. In many cases, the real party in interest will also be a person beneficially interested in the cause of action, but this is not necessary. *If the person in question has the ability to discharge the obligation, even though he might violate a duty to a third person in so doing, and if the person in question*

*can control the action he is the real party in interest.' "*: Kusmaul v. Stull, 356 Pa. 276 (1947); Bush v. Eastern Uniform Company, 356 Pa. 298 (1947); Newspaper Guild of Greater Philadelphia v. Philadelphia Daily News, Inc., 401 Pa. 337 (1960). (Italics supplied.)

Defendants are now seeking to relitigate the same issue by examining plaintiff's income tax records, the income tax records of plaintiff's firm, bookkeeping records and other confidential data belonging to the firm. Since plaintiff has acknowledged that he has paid over the moneys already received to his partners, defendants need no examination of the partnership records to establish this fact. In addition, the income tax returns and the records of the partnership sought to be examined contain confidential information which has no relation to this case.

The court does not believe that the discovery sought is for the proper purpose of advancing this case for trial and the ultimate disposition of the issues raised by the pleadings.

## ORDER

And now, March 24, 1965, after argument before the court en banc, consisting of E. Arnold Forrest, P. J., J. William Ditter, Jr., J., and Frederick B. Smillie, J., plaintiff's motion for a protective order under Pa. R. C. P. 4012(a) is hereby granted in that plaintiff need not produce his personal income tax return, his wife's personal income tax return, his personal gift tax return, his wife's personal gift tax return, his partnership income tax return, his partnership agreement, the income tax records of his partnership, or the financial records or any data of the partnership. Defendants are entitled to take the oral depositions of Sylvan M. Cohen, Reuben E. Cohen and Philip M. Shiekman, but limited to the specific issues of the complaint.