# Nedrow v. Pennsylvania Mutual Insurance Company

*Daniel W. Rullo,* for plaintiff.
*Frank A. Orban, Jr.,* for defendants.
*William R. Tighe,* for additional defendants.

SHAULIS, *J.*, November 2, 1982 — This case is now before the court on the additional defendants' preliminary objections to the complaint joining them as additional defendants.

## FACTS

We have previously been called upon to determine certain issues. involved in this case.* Whereas the background of this suit is quite complicated, the facts as we expounded them in Orn Nedrow v. Pennsylvania Mutual Casualty Ins. Co., 469 Civil 1980 (C.P. Somerset Dec. 30, 1981), provided an adequate synopsis prior to this discussion:

Plaintiff (Orn Nedrow) was sued in two actions in the Federal District Court of Western Pennsylvania in 1975. These cases were consolidated for trial and defendant here (Pennsylvania National Mut. Ins. Co.), plaintiff's insurance company, defended those actions. Allegedly, during the trial, plaintiff in those cases (Edward Alcorn) stated he would accept as a settlement, the maximum amount recoverable under the insurance policy, which was $25,000. Defendant refused to settle and the jury returned a verdict against plaintiff in the amount of $213,493, greatly in excess of the policy limits. Plaintiff (Orn Nedrow) now is suing defendant (Pennsylvania National Mut. Ins. Co.) alleging that defendant breached its fiduciary duty to the insured and subsequently represented plaintiff in bad faith. (names added). Id at 2.

---

*This court has considered previous preliminary objections filed by original defendant, and by order dated July 28, 1981, Counts 2, 3, & 4 of the original complaint were dismissed. In addition, this court was confronted with plaintiff's motion for sanctions and by order dated December 30, 1981, we ruled in favor of that motion.

The additional defendants form the law firm that original defendant (Pennsylvania National Mut. Ins. Co.) had retained to represent Nedrow in the federal court proceedings. Original defendant alleges that if it should be found liable to Nedrow, then the additional defendants are at least jointly if not solely liable.

Original defendant subsequently filed a complaint to join the additional defendants after obtaining our permission to do so pursuant to Pa.R.C.P. 2253. This complaint set forth certain allegations that were included in Nedrow's complaint. The additional defendants have responded by way of preliminary objections to original defendant's complaint to join.

## DISCUSSION

Initially, Nedrow questions the additional defendants ability to raise preliminary objections. We may easily dispose of this issue by noting that preliminary objections may be filed by an additional defendant under Pa.R.C.P. 1017 (b). 4A Anderson Pa.Civ.Pract. §2255.11. However, an additional defendant is subject to the same time constraints as with any other pleading. Therefore, a preliminary objection must be filed within twenty days after service of the preceding pleading. Pa.R.C.P. 1026, 42 Pa.C.S.A.; Ulery v. Fryske and Purco Coal, Inc., 31 Fayette 203 (1968).

Here, the complaint to join was served on June 4, 1982, and the preliminary objections to such were filed on July 1, 1982. Although these preliminary objections were untimely, we will consider them on the merits in view of the fact that no objections to the untimeliness were made. Hahnemann Medical College and Hospital of Philadelphia v. Hubbard,

267 Pa.Super. 436, 406 A.2d 1120 (1979); McKeevor v. Mercaldo, 3 D.&C. 2d 188 (1954).

The first preliminary objection that we will deal with is the additional defendants' motion to strike off pleading due to the allegation that Orn Nedrow is not the real party in interest in this litigation. This is premised on the fact that on or around August 6, 1979, Nedrow assigned his rights and claims against original defendant and the additional defendants to Alcorn. In return, Alcorn agreed to absolve Nedrow from any liability with respect to any of the aforementioned lawsuits.

When an insurer fails to represent the rights of the insured in good faith, the insurer is viewed as breaching its fiduciary duty. An action in assumpsit will lie when an insurance contract is breached in such a manner. "The insured's cause of action against the insurer is assignable; and may be assigned to the plaintiff who has a judgment against the insured for an amount in excess of the policy limits." Gray v. Nationwide Mut. Ins. Co., 422 Pa. 500, 501, 223 A.2d 8 (1966). See also: Schultz v. Mt. Vernon Fire Ins. Co., 2 D.&C. 3d 627 (1976); Chessler v. Nationwide Ins. Co., 67 D.&C. 2d 225 (1974). Compare: Pile v. Nationwide Ins. Co., 36 Somerset L.J. 34 (1978). Accordingly, Nedrow's assignment to Alcorn was valid.

Since an assignment was effectuated, our inquiry narrows down to in whose name should the current suit have been brought. In other words, we must ask who is the real party in interest. This question is significant in light of Pa.R.C.P. 2002(a) which requires that all actions, with certain exceptions, be, "[P]rosecuted by and in the name of the real party in interest."

An effective assignment will result in a transfer of a right, in whole or in part, whereby the assignor's

right to performance is extinguished and the assignee obtains the right to such performance. Restatement (Second) of Contracts §317(1) (1979).

"[T]he assignee is usually the real party in interest and an action on the assignment must be prosecuted in his name." Wilcox v. Regester, 417 Pa. 475, 207 A.2d 817 (1965). See also: Bush v. Eastern Uniform Co., 356 Pa. 298, 51 A.2d 731 (1947); 4 Anderson Pa. Civ. Pract. §2002.7; 6 Goodrich-Amram 2d §2002(a): 7. Consequently, this action should have been prosecuted by Alcorn rather than by Nedrow.

Failure to abide by Rule 2002 will not jeopardize the continuation of this suit. "[W]here an action is mistakenly brought in the name of the assignor instead of the assignee, an amendment bringing the assignee on record as the plaintiff is permissible where the statute of limitations has not run. . ." 5 Standard Pa. Pract. 2d §24:37 citing Miller v. Michael Morris, Inc., 361 Pa. 113, 63 A.2d 44 (1949).

In the instant case, the limitations period for instituting a cause of action is six years. 42 Pa.C.S. §5527. As the verdict in the Federal court proceedings was handed down on February 8, 1979, the statute of limitations for this lawsuit will not expire until 1985. Therefore, we will allow an amendment to be filed reflecting the fact that Alcorn is the real party in interest in accordance with Rule 2002, and the additional defendants' preliminary objection to this point will not be sustained.

Moreover, this decision compels us to reject the preliminary objection in the nature of a demurrer whereby the additional defendants request that this action be dismissed for the reason that the assignment offset any injury to Nedrow. As we have shown herein, Nedrow's claim may properly be assigned to and enforced by Alcorn.

The additional defendants also filed preliminary objections in the nature of a demurrer or, in the alternative, a motion for a more specific pleading, purporting that there was no allegation in Nedrow's complaint of an offer to settle made by Alcorn in the federal proceedings. In effect, they claim that no breach of duty could have occurred without a settlement offer being made to them.

We have reviewed the case law presented by the additional defendants, but disagree with their conclusion that a breach can only occur when an insurer refuses to settle after a specific offer is made to it. The cases cited by the additional defendants list examples of what could be considered as, rather than what is, negligent behavior on the part of the insurer.

In our opinion, all facts must be examined when reviewing an insurer's actions to determine if the insurer had acted in good faith in determining whether to settle or litigate a claim. Aetna Cas. & Surety Co., 289 Pa. 459, 134 A.2d 223 (1957).

Shearer v. Reed, 286 Pa.Super. 188, 428 A.2d 635 (1981), involved a situation where the plaintiff's attorney had informed the insurer of his client's willingness to settle although no specific amount was mentioned. The insurer then refused to offer to settle. The court held that, depending upon the circumstances, this may constitute lack of good faith.

Although not yet the law in our Commonwealth, some courts do recognize an affirmative duty on the part of the insurer to attempt to settle, and that failure to do so is an act in bad faith. See Tannerfors v. American Fidelity Fire Ins. Co., 397 F.Supp. 141 (D. N.J. 1975), aff'd 535 F.2d 1247 (3rd Cir. 1976).

A demurrer will only be sustained when it appears with certitude that the law will permit no recovery. Upper Moreland Twp. v. Com., Pennsylva-

nia Dept. of Transp., 48 Pa. Commw. 27, 409 A.2d 118 (1979). Thus, this preliminary objection must not be sustained as the additional and original defendants' actions may have constituted a breach of duty thereby entitling plaintiff to recover. This is a factual question that has yet to be resolved.

In Central Petroleum Co. v. Schmidt, 34 Somerset L.J. 202, 208 (1977), we quoted from 2 Goodrich-Amram 2d, §1017(b) :9, at 66 in determining whether a more specific pleading would be required: "The question to be decided on a motion for more specific pleading is whether the complaint informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what ground to make his defense." In this instance, we believe the Nedrow's allegation that Alcorn was willing to settle for the full amount of the insurance policy's limits, but that the insurer and law firm failed to do so is sufficient information with which to formulate an answer and defense thereto. Therefore, this preliminary objection must also be denied.

Finally, preliminary objections in the nature of a demurrer and motion to strike were filed as to those portions of the complaint to join and Nedrow's original complaint that dealt with failure to join an additional party in order to preserve indemnity claims against that party. We subscribe to the additional defendants' view that failure to name an alleged tortfeasor as an additional defendant does not thereafter prevent an assumpsit action against him for contribution in either federal or state court. See: DeVore Brokerage Co. v. Goodyear Tire & Rubber Co., 308 F.Supp. 279 (M. D. Tenn. 1969); Goldman v. Mitchell-Fletcher Co., 292 Pa. 354, 141 A.231 (1928); Witherow v. Silvis, 32 D.&C. 2d 142 (1963); Althouse v. Skrapits, 39 Northampton 123 (1969).

However, due to the additional time and expense of litigating an issue that may have been ripe for determination at the federal court trial, we feel that defendants' failure to join the alleged joint tortfeasor may well have constituted negligence.

This situation is analogous to that of an actor whose conduct conforms with common usage and custom. Such behavior is not conclusive evidence that due care was exercised and that no negligent act occurred. See: Thomas v. Arvon Products Co., 424 Pa. Pa. 365, 227 A.2d 897 (1967); Summary of Pa. Jur., Torts I, §42. Consequently, defendants may have been negligent even though Nedrow can still bring an action in assumpsit for contribution or indemnification.

## ORDER

Now, this November 2, 1982, the additional defendants' preliminary objections are dismissed and the additional defendants are allowed 20 days to file a responsive pleading.