**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2318**

JAMES M. DUNLAP,

            Plaintiff - Appellant,

      v.

COTTMAN TRANSMISSIONS SYSTEMS, LLC; TODD P. LEFF,

            Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Arenda L. Wright Allen, District Judge.  (2:11-cv-00272-AWA-LRL)

Submitted:  April 27, 2017                              Decided:  May 11, 2017

Before DIAZ, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James M. Dunlap, Appellant Pro Se.  Benjamin B. Reed, James Charles Rubinger, PLAVE KOCH PLC, Reston, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James M. Dunlap appeals from the district court's order granting summary judgment to Defendants and finding Dunlap's claims barred by res judicata. On appeal, Dunlap makes several arguments as to why res judicata was inappropriately applied. However, except for his contention that the parties to prior, related suits differ from the current parties, Dunlap's claims are raised for the first time on appeal, and we decline to consider them. *Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993) (noting that issues raised for first time on appeal generally are not considered absent exceptional circumstances, not present here). After an examination of the privity of the parties in the current and former lawsuits, we affirm.

Under Pennsylvania law,[*] "[a]ny final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action." *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995). Here, as Dunlap correctly identifies, the parties to the proceedings in the prior lawsuits are not the same as in the present action. However, claim preclusion/res judicata is applied whenever "there is a close or significant relationship between successive defendants." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 966 (3d Cir. 1991) (quoting *Gambocz v. Yelencsics*, 468 F.2d 837, 841 (3d Cir. 1972)). The definition of privity is especially broad

---

[*] The preclusive effect of the prior cases is governed by Pennsylvania law because each of the prior lawsuits was brought in the United States District Court for the Eastern District of Pennsylvania. *Q Int'l Couriers, Inc. v. Smoak*, 441 F.3d 214, 218 (4th Cir. 2006) (preclusive effect of judgment rendered by a federal district court determined by the law of the state where that federal district court sits).

2

when, as here, res judicata is invoked against a plaintiff who has repeatedly asserted essentially the same claims against different defendants. *Bruszewski v. United States*, 181 F.2d 419, 422 (3d Cir. 1950). Given the circumstances in this case, we find that two companies, both wholly owned subsidiaries of the same company, are in privity with one another and that the president of both subsidiary companies and the parent company is also in privity with the subsidiaries. Certainly, all the parties have a close and significant relationship, and Dunlap does not seriously dispute this. *See Bush v. E. Unif. Co.*, 51 A.2d 731, 732 (1947) (shareholder of defendant corporation in privity with corporation); *Lubrizol*, 929 F.2d at 966 (wholly-owned affiliate in privity with parent corporation); *Jackson v. Dow Chem. Co.*, 902 F. Supp. 2d 658, 670-71 (E.D. Pa. 2012) (employees, affiliates, and counsel were in privity with original corporate defendants), *aff'd*, 518 Fed. Appx. 99 (3d Cir. 2013); *Greenberg v. Potomac Health Sys., Inc.*, 869 F. Supp. 328, 331 (E.D. Pa. 1994) (subsidiary and shared corporate officers in privity with parent corporation).

Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3