## Wood *v.* Standard Mutual Live Stock Insurance Co. Baer's Appeal.

*Insurance company—Receiver—Assessments—Discretion of court.*

A decree of the common pleas ordering the receiver of a live stock mutual insurance company to collect an assessment from the members of the company will not be reversed on the ground that the assessment is excessive, where the receiver denies that the assessment is greater than is necessary to cover the purpose intended, and the Supreme Court is not convinced to the contrary.

In such a case a very liberal allowance must be made for uncollected assessments, expenses, etc., and in the absence of evidence to the contrary the Supreme Court will assume that the lower court, in the exercise of a sound discretion, with the aid of the receiver and with the books of the company and other evidence before them, did not authorize an assessment for a greater amount than was reasonably necessary.

Argued Feb. 28, 1893.    Appeal, No. 84, July T., 1892, by Baer & Miller, from decree of C. P. Berks Co., Eq. D., 1889, No. 480, in Aaron B. Wood v. Standard Mutual Live Stock Ins. Co. of Reading, levying an assessment.    Before STER-RETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Petition for order levying insurance assessments.

On May 13, 1892, policy holders petitioned the court setting forth, inter alia, that the liabilities of the company for losses were $25,000 and the total amount of insurance was $620,000, exclusive of $200,000 insurance illegally canceled by the directors of the company on March 4, 1889, which were liable to assessments, and that an assessment of 15 per cent thereon directed by decree of court January 11, 1892, amounts to $123,000, nearly five times the amount of the liabilities of the company; that the receiver had taken no steps to ascertain the validity of the alleged claims against the company; and praying [for the appointment of a master to ascertain the legal claimants,] [2] and [that the decree of the court of Jan. 11, 1892, directing an assessment of 15 per cent upon policy holders be vacated and set aside, or modified so that the assessment ordered will be sufficient to pay only the legal and proper claims against the company,] [3] and that he be directed to levy an assessment upon the policies illegally canceled by the directors. The receiver in his answer averred in substance that probably one half of the members were insolvent, that they were scattered all over the state, some 4000 or 5000 of them, that the cost of collection was great, etc. The court, ENDLICH, J., refused to grant the prayer of the petitioners, except to order the receiver to assess the policies illegally canceled by the directors.

*Errors assigned* were (1) original decree ordering 15 per cent assessment; (2, 3) refusing above prayers, quoting decrees and prayers.

*S. J. Strauss* and *Christian H. Ruhl, Daniel Ermentrout* with them, for appellants, cited: Gluck and Becker on Receivers, 164; Shaughnessy v. Ins. Co., 21 Barb. (N. Y.) 605; Thomas, Receiver, v. Whallon, 31 Barb. (N. Y.) 177; Lehigh Valley Fire Ins. Co. v. Dryfoos, 20 W. N. 33; Light & Co. v. Ins. Co., 87 Pa. 212; Jones v. Sisson, 6 Gray, 288; People's Eq. M. Fire Ins. Co. v. Babbitt, 7 Allen, 235; Traders' M. Fire Ins. v. Stone, 9 Allen, 483.

*Cyrus G. Derr, Henry C. G. Reber* with him, for appellees,

cited, Lowenstein v. Ins. Co., 132 Pa. 410; Kepner's Ap., 94 Pa. 74; White v. Leeds, 51 Pa. 187.

Per Curiam, March 13, 1893:

In July, 1889, defendant company was declared insolvent and a receiver was appointed. The matter was so proceeded in that, on May 11, 1891, the court by its decree directed the receiver to levy an assessment for the purpose of paying the company's creditors and meeting expenses incident to the receivership. That order was subsequently modified by the decree of January 11, 1892. Baer and Miller, members of the defendant company, appealed; and in their first specification of error—reciting said decree and modification thereof—they complain that the assessment is so grossly excessive that the decree should not be permitted to stand.

If it clearly appeared that the fact thus alleged is true it would no doubt be good ground for invoking our interference; but it is denied by the appellee that the assessment is greater than is reasonably necessary for the purpose intended; and his contention is that the losses and expenses attending the collection of such assessments are so great, that the net amount likely to be realized is but a small percentage of the gross assessment. We are far from being convinced that the receiver is not correct. Ordering such assessments and determining the amount thereof, must necessarily rest in the sound discretion of the common pleas. That court, with the aid of its receiver, and other means of information at hand, is much better qualified, than we can possibly be, to form an approximately accurate judgment as to the amount per centum that should be assessed. Experience has shown that a very liberal allowance must always be made for uncollectible assessments, expenses, etc. In case of a deficiency, the collection of an additional assessment would be attended with vexatious delay, and largely increased expense. If there should happen to be an excess, it is very easy to distribute the same pro rata to those who have paid their assessments. In the absence of satisfactory evidence to the contrary, it is safer to assume that the court, in the exercise of a sound discretion, with the books of the company and other evidence before them, did not authorize an assessment for a greater amount than was reasonably necessary. The first specification is therefore dismissed.

In view of what has been said, the remaining specifications do not require discussion. There is nothing in either of them that would justify a reversal or modification of the decree. Appellants and other policy holders are not concluded by the decree from defending on any ground that is personal and peculiar to themselves respectively, and other questions that may possibly arise can be settled in distribution of the fund.

Decree affirmed and appeal dismissed, with costs to be paid by appellants.