## Commonwealth v. Bankers Mutual Fire Insurance Company of Lancaster, Pa.

*Cecil P Harvey,* General Counsel Liquidation Division, Pa. Insurance Department, for Commonwealth.

*William S. Bailey,* for defendant.

SWOPE, P. J., August 12, 1968.—The Bankers Mutual Fire Insurance Company of Lancaster, being insolvent, was dissolved on July 24, 1956, by order of this court. Thereafter, the insurance commissioner of the Commonwealth of Pennsylvania was appointed statutory liquidator for the dissolved company.

Thereafter, the insurance commissioner filed a petition for assessment which came on for hearing before this court on May 11, 1967. This petition provided that assessments would be made against those policyholders whose policies were in force from April 1, 1951, to August 3, 1956.

Various objections and exceptions to the petition were brought before the court. All such have now been abandoned or withdrawn except for the two exceptions which will be treated herein.

Exceptants' primary objection to the assessment is one of timeliness. They contend that the insurance commissioner, as statutory liquidator, is bound by the provision found in their policies which provides that company assessments may only be made within one year after the termination of a policy. Since the assessment in issue was not made until nearly 11 years after the termination of the latest policy, they insist it is invalid.

We are of the opinion that the insurance commissioner is not bound by the policy provision limiting the time within which the company may make an assessment. Because this appears to be a case of first impression, we are not aided in our decision by prior case law. However, examination of the appropriate statutory provisions, Act of May 17, 1921, P. L. 789, art. V, sec. 509, 40 PS §209; sec. 510, 40 PS §210; P. L. 682, art. VIII, sec. 916; see also Commonwealth ex rel. Schna-

der, v. Keystone Indemnity Exchange, 338 Pa. 405, discloses no legislative intent to restrict the insurance commissioner in the levying of assessments to a specific period of time.

Exceptants in a supplement to their brief have called our attention to subsection 5 of regulation 3 of the uniform bylaws for domestic assessment mutual fire insurance companies as prescribed by the insurance commissioner which provides in part that no assessment may be levied against an insured "unless due notice of such assessment be given to him within one year from (the) termination of his policy". While at first blush this provision appears to be pertinent to our inquiry, closer inspection reveals that its restriction is directed at mutual fire insurance companies only and was intended to have no effect on the operations of the insurance commissioner in his capacity as statutory liquidator. While this provision appears to be the source of the one year restriction found in Bankers' policies and would most certainly bind the company, it in no way impedes the commissioner's authority to make an assessment which, in our opinion, is not similarly restricted.

We are satisfied, therefore, that this exception has not been supported and must be dismissed.

Exceptants further object to the 500 percent loading factor which has been utilized by the liquidator in the assessment as being excessive. This contention appears to be closely associated with the first exception and is similarly without merit. To begin with, no objection is made to the employment of a loading factor per se. The use of such factors by the liquidator in making assessments in the liquidation of defunct companies is well established. A mutual insurance company is a cooperative enterprise wherein the policyholders, as members, are both insurer and insured: Commonwealth ex rel. Chidsey v. Keystone Mutual Casualty Company, 366

Pa. 149. As members, each policyholder is liable for his proportionate share of indebtedness upon the insolvency of the company: Smith v. Schwartz, 398 Pa. 555. In determining the rate of assessment, however, the court must consider that due to insolvency, bankruptcy or death, the assessment is no longer susceptible of collection from all former policyholders. Therefore, it is essential that the amount of the assessment be large enough to provide for such contingencies: Commonwealth ex rel. Schnader v. Keystone Indemnity Exchange, 338 Pa. 405. Additional allowance should be permitted for costs of liquidation and collection: Wood v. Standard Mutual Live Stock Insurance Company, 154 Pa. 157.

Exceptants insist, nevertheless, that but for the delay of 11 years on the part of the liquidator, the loading factor would not have had to be so high as the present 500 percent, and that the factor is, therefore, excessive and should not be sustained. We are loathe to accept this contention in the instant case. The liquidation of the affairs of an insurance company presents exceptional problems to the liquidator with regard to the time which will be required to complete his task as well as the time within which he can properly make the decisions with regard to the intermediate steps necessary to best serve all persons concerned in the liquidation, be they policyholders, claimants, or the public generally. His decision as to the need for an assessment is certainly one such. In all cases of this nature, claimants are given six months after the entry of the order of dissolution to make their claims to the liquidator. These claims must be evaluated and totalled, frequently after extended litigation. In many cases, assets of the company must be pursued, again, often after extended litigation. In the instant case, in fact, a dispute as to a substantial asset claimed by the company was finally determined, albeit adversely

to the company, after lengthy litigation in the Dauphin County Court of Common Pleas sometime in 1966. In other cases, the liquidator finds that the company's books and records are incomplete and fragmentary or sometimes wholly missing. He must attempt, as best he can, to assess the company's position in a myriad of situations by interpretation and construction, or even reconstruction of the company's records. We cannot conclude, in this case, that the mere assertion of the exceptants of an 11-year delay in making this assessment, unsupported by cogent evidence on their part to establish that the delay was unwarranted or unreasonable, is sufficient to permit us to strike down the assessment.

We conclude, therefore, that the 500 percent loading factor urged by the insurance commissioner is not excessive. To the contrary, we are impressed with those difficulties inherent in a situation where collection is sought to be made nearly 11 years after the dissolution of the company. We are further satisfied that the insurance commissioner used both care and precision in the computation of this factor and that his decision as to the amount of loading which was required was proper and reasonable as well as in the best interests of all concerned.

Accordingly, we make the following:

ORDER

And now this August 12, 1968, the within exceptions to the petition of the insurance commissioner as statutory liquidator for an order of assessment in the above captioned case are hereby denied.

The prothonotary is directed to notify the parties or their counsel of this opinion and order forthwith, the same to become final within 20 days of the date hereof unless exceptions are filed prior to the expiration of that period.